# PENNSYLVANIA ORPHANS' COURT RULES

## CHAPTER I.  PRELIMINARY RULES

Rule 1.1.  Short Title and Citation
Rule 1.2.  Construction and Application of Rules
Rule 1.3.  Definitions
Rule 1.4.  Extension of Time Limitations
Rule 1.5.  Local Rules
Rule 1.6.  Mediation by Agreement, Local Rule, or Court Order
Rule 1.7.  Entry and Withdrawal of Counsel
Rule 1.8.  Forms

## CHAPTER II.  ACCOUNTS, OBJECTIONS AND DISTRIBUTIONS

Rule 2.1.  Form of Account
Rule 2.2.  Form; Assets Transferred by the Exercise of a Power of Appointment
Rule 2.3.  Form; Separate Accounts for Minors
Rule 2.4.  Petition for Adjudication/Statement of Proposed Distribution; Virtual
     Representation
Rule 2.5.  Notice of Account Filing
Rule 2.6.  Filing with the Clerk
Rule 2.7.  Objections to Accounts or Petitions for Adjudication/Statements of Proposed
     Distribution
Rule 2.8.  Pleadings Allowed After Objections are Filed
Rule 2.9.  Confirmation of Accounts; Awards
Rule 2.10.  Foreign Heirs and Unknown Distributees
Rule 2.11.  Appointment of Official Examiners

## CHAPTER III.  PETITION PRACTICE AND PLEADING

### Part A.  Petition Practice

Rule 3.1.  Petitions Generally
Rule 3.2.  Headings; Captions
Rule 3.3.  Contents of All Pleadings; General and Specific Averments
Rule 3.4.  Form of Petition; Exhibits; Consents; Signing and Verification
Rule 3.5.  Mode of Proceeding on Petition

### Part B.  Responsive Pleadings

Rule 3.6.  Pleadings Allowed After Petition
Rule 3.7.  Time for Filing and Service of Responsive Pleadings
Rule 3.8.  Headings of Responsive Pleadings
Rule 3.9.  Preliminary Objections
Rule 3.10.  Denials; Effect of Failure to Deny
Rule 3.11.  Answer with New Matter

# Part C.  Pleadings in General

Rule 3.12.  Signing
Rule 3.13.  Verification
Rule 3.14.  Amendment
Rule 3.15.  Pleading More Than One Cause of Action; Alternative Pleadings

## CHAPTER IV.  FORMAT AND SERVICE OF LEGAL PAPER BY PARTIES AND COURT; ELECTRONIC FILING

Rule 4.1.  Format of All Legal Paper
Rule 4.2.  Citation or Notice to Individuals and Entities
Rule 4.3.  Service of Legal Paper Other than Citations or Notices
Rule 4.4.  Charities – Notice to the Attorney General
Rule 4.5.  Service of Legal Paper by Court and Clerk
Rule 4.6.  Notice of the Date of Entry of an Adjudication or Court Order on the Docket
Rule 4.7.  Electronic Filing

## CHAPTER V.  RULES GOVERNING SPECIFIC TYPES OF PETITIONS

Rule 5.1.  Declaratory Judgment
Rule 5.2.  Family Exemption
Rule 5.3.  Intestate Share to Surviving Spouse from Real Estate
Rule 5.4.  Revocation, Vacating or Extension of Time for Filing of Surviving Spouse's Election
Rule 5.5.  Appointment of a Guardian *ad litem* or a Trustee *ad litem*
Rule 5.6.  Appointment of a Guardian for the Estate or Person of a Minor
Rule 5.7.  Appointment of a Trustee
Rule 5.8.  Discharge of Fiduciary and Surety
Rule 5.9.  Partition
Rule 5.10.  Public Sale of Real Property.
Rule 5.11.  Private Sale of Real Property or Options Therefor
Rule 5.12.  Mortgage or Lease of Real Property
Rule 5.13.  Inalienable Property
Rule 5.14.  Designation of a Successor Custodian
Rule 5.15.  Confirmation of Trustee Appointment

## CHAPTER VI.  Reserved

## CHAPTER VII.  RULES RELATING TO PRE-HEARING AND HEARING PROCEDURE

Rule 7.1.  Depositions, Discovery, Production of Documents and Perpetuation of Testimony
Rule 7.2.  Motion for Judgment on the Pleadings
Rule 7.3.  Motion for Summary Judgment
Rule 7.4.  Injunctions

**CHAPTER VIII.   RECONSIDERATION**

Rule 8.1.  Exceptions and Post-Trial Motions
Rule 8.2.  Motions for Reconsideration

**CHAPTER IX.   AUDITORS AND MASTERS**

Rule 9.1.  Notice of Hearings
Rule 9.2.  Filing of Report
Rule 9.3.  Form of Auditor's Report
Rule 9.4.  Form of Master's Report
Rule 9.5.  Transcript of Testimony
Rule 9.6.  Notice of Filing Report
Rule 9.7.  Confirmation of Report
Rule 9.8.  Security for Expenses and Fees

**CHAPTER X.   REGISTER OF WILLS**

Rule 10.1.  Forms
Rule 10.2.  Petition Practice
Rule 10.3.  Hearings
Rule 10.4.  Appeals from the Register of Wills
Rule 10.5.  Notice to Beneficiaries and Intestate Heirs
Rule 10.6.  Status Report by Personal Representative

**CHAPTER XI.   Reserved**

**CHAPTER XII.   Reserved**

**CHAPTER XIII.   Reserved**

**CHAPTER XIV. GUARDIANSHIPS OF INCAPACITATED PERSONS**

Rule 14.1.  Rescinded
Rule 14.2.  Adjudication of Incapacity and Appointment of a Guardian of the Person
              and/or Estate of an Incapacitated Person
Rule 14.3.  Review Hearing
Rule 14.4.  Proceedings Relating to Real Estate
Rule 14.5   Forms

**CHAPTER XV.  ADOPTIONS**

\*\*\*


**CHAPTER XVI.  PROCEEDINGS PURSUANT TO SECTION 3206 OF THE ABORTION CONTROL ACT**

Rule 16.1.  Definitions; Scope
Rule 16.2.  Confidentiality
Rule 16.3.  Precedence of Proceeding
Rule 16.4.  Commencement; Venue; No Filing Fees
Rule 16.5.  Application; Contents; Form of Verification; Assistance in Preparation
Rule 16.6.  Dockets; Document Maintenance
Rule 16.7.  Reserved
Rule 16.8.  Reserved
Rule 16.9.  Reserved
Rule 16.10.  Form; Generally
Rule 16.11.  Reserved
Rule 16.12.  Reserved

**APPENDIX OF FORMS**

\*\*\*

[This is an entirely new chapter.]

## CHAPTER I.  PRELIMINARY RULES

### Rule 1.1.  Short Title and Citation

These Rules shall be known as the Pennsylvania Orphans' Court Rules, shall be referred to individually herein as "Rule," and cited as "Pa. O.C. Rule _____."

**Note:**  Rule 1.1 is substantively similar to former Rule 17.

### Rule 1.2.  Construction and Application of Rules

(a)  The Rules adopted by the Supreme Court regulating the practice and procedure of the Orphans' Court Divisions of this Commonwealth and the local rules adopted by such courts shall be liberally construed to secure the just, timely and efficient determination of every action or proceeding to which they are applicable.  The court at every stage of any action or proceeding may disregard any error or defect of procedure that does not affect the substantive rights of the parties in interest.

(b)  The principles of interpretation and related matters set forth in Pa.R.C.P. Nos. 102 through 153 inclusive, with the exception of Pa.R.C.P. No. 126, shall apply to these Rules.

**Note:**  Rule 1.2(a) is identical to former Rule 2.1.  Rule 1.2(b) is new.

**Explanatory Comment:**  The Orphans' Court Division exercises equitable powers and applies equitable principles.  *Estate of Hahn*, 369 A.2d 1290, 1291-92 (Pa. 1977);  *Estate of Freihofer*, 174 A.2d 282, 284 (Pa. 1961).
The question frequently arises as to the effect and use of the notes and explanatory comments which are issued with the Orphans' Court Rules.  Notes and explanatory comments are not part of the Rules but they may be used in construing the Rules.  The Supreme Court of Pennsylvania has stated in *Laudenberger v. Port Authority of Allegheny County*, 436 A.2d 147, 151 (Pa. 1981):

> These explanatory notes have not been officially adopted or promulgated by this Court, nor do they constitute part of the rule.  However, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted.

## Rule 1.3.  Definitions

The following words and phrases when used in these Rules shall have the following meanings, respectively, unless the context clearly indicates otherwise or the particular word or phrase is expressly defined in the Chapter in which the particular Rule is included:

"Accountant" – a fiduciary or other party who has filed an Account;

"Account" – a financial report by a fiduciary of the principal and income transactions in the form prescribed by Rule 2.1, excluding the annual reports of Guardians;

"Adult" – an individual eighteen years of age or over;

"Clerk" – the Clerk of the Orphans' Court Division or its equivalent;

"Commonwealth" – the Commonwealth of Pennsylvania;

"Court" – the Orphans' Court Division of the Court of Common Pleas or any judge thereof having jurisdiction;

"Electronic Filing" – the electronic transmission via the internet of a legal paper to the clerk;

"Facsimile copy" – a copy of a document transmitted and received by facsimile equipment;

"Fiduciary" – an agent under a power of attorney, custodian under the Uniform Transfers to Minors Act, personal representative, guardian, trustee, guardian *ad litem,* or trustee *ad litem*,  and any other person acting in any similar capacity, whether domiciliary or ancillary, individual or corporate, subject to the jurisdiction of the court;

"Filing Party" – a party, or an attorney acting on behalf of a party, who files a legal paper;

"Guardian" – a fiduciary who has the care and management of the estate, the person, or both, of a minor or an incapacitated person;

"Guardian *ad litem* or Trustee *ad litem*" – a fiduciary who is appointed by a court in a legal proceeding to represent an individual or class of individuals under a legal disability;

"Incapacitated Person" – a person determined to be incapacitated under the provisions of Chapter 55 of Title 20 (relating to incapacitated persons);

"Interested Party" – one or more individuals or entities having or claiming an interest in the estate, trust, person or other entity that is the subject of the legal proceeding;

"Legal Paper" – a document that is filed with the court;

"Local Rule" – every Rule promulgated in accordance with Rule 1.5;

"Majority" – when used in reference to age, means of the age of eighteen years or over;

"Minor" –  an individual under the age of eighteen years;

"Motion" – if in writing, a legal paper that must be signed, but does not need to be verified, does not plead any facts not of record, and does not require the court to obtain jurisdiction over an Interested Party;

"Objector" – an individual or entity filing objections to an Account and/or Petition for Adjudication/Statement of Proposed Distribution pursuant to Rule 2.7;

"Personal Representative" – the executor or administrator of any description of a decedent's estate;

"Petition for Adjudication/Statement of Proposed Distribution" – a uniform, statewide form promulgated by the Supreme Court used in conjunction with the filing of an Account (see Appendix of forms);

"Pleading" – a type of legal paper that must be signed and verified in accordance with Rules 3.12 and 3.13 and includes, but is not limited to, petitions, answers, replies, and certain preliminary objections;

"Publication" – the publication in a newspaper of general circulation where such newspaper is originally issued and circulated;

"Register of Wills" or "Register" – the Register of Wills or its equivalent having jurisdiction or authority to probate wills and grant letters as provided by 20 Pa.C.S. § 901;

"Supreme Court" – the Supreme Court of the Commonwealth;

"Verified" – when used in reference to a written statement of fact, means supported by the signer's oath or affirmation or made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

> **Note:**  This definitional section is new; but, some of the definitions are substantively identical to the definitions in former Rule 2.3 and other definitions are taken from and are similar to Pa.R.C.P. No. 76.

**Rule 1.4.  Extension of Time Limitations**

The court, upon its own motion or the motion of any party, may extend any time period prescribed by these Rules.

**Note:**  Rule 1.4 is identical to former Rule 2.2.

**Rule 1.5.  Local Rules**

(a)  All previously promulgated local rules are hereby vacated, effective September 1, 2016, except for those local rules promulgated under Chapter 14 regarding guardianship of incapacitated persons, Chapter 15 regarding adoptions, and Chapter 16 regarding proceedings pursuant to section 3206 of the Abortion Control Act.

(b)  The Orphans' Court Divisions of the several judicial districts of this Commonwealth may adopt local rules regulating practice and procedure.  Such local rules shall not be inconsistent with these Rules.

(c)  The local rules applicable to practice in the Civil or Trial Division of the local Court of Common Pleas shall not be applicable in the Orphans' Court Division unless so directed by these Rules or by local rule adopted by the court of the particular judicial district in accordance with this Rule.

(d)  When a local rule corresponds to a Rule, the local rule shall be given a number that corresponds to the number of these Rules.

(e)  All proposed local rules and proposed amendments to local rules shall be submitted in writing to the Supreme Court Orphans' Court Procedural Rules Committee ("Committee") for review in advance of becoming effective.  The submitting court shall not adopt the proposed local rule or proposed amendment to the local rule until the submitting court receives written notification from the Committee that the proposed local rule or the proposed amendment to the local rule is not inconsistent with these Rules.

(f)  After written notification is received from the Committee, the submitting court shall comply with all the following requirements:

(1)  The local rule shall be set forth in writing;

(2)  One certified paper copy of the local rule shall be filed with the Administrative Office of Pennsylvania Courts;

(3)  Two certified paper copies of the local rule and a computer diskette or a CD-ROM that complies with requirements of 1 Pa. Code §  13.11(b), or an agreed-

upon alternate format, containing the text of the local rule shall be distributed to the Legislative Reference Bureau for publication in the *Pennsylvania Bulletin*;

   (4) A copy of the local rule shall be published on the Unified Judicial System's website through the Pennsylvania Judiciary's Web Application Portal, currently http://ujsportal.pacourts.us/localrules/ruleselection.aspx; and

   (5) The local rule shall be kept continuously available in the office of the clerk for public inspection and copying by any person. Upon request and the payment of reasonable costs for reproduction and mailing, the clerk shall furnish to any person a copy of any local rule.

 (g) A local rule shall become effective only upon publication on the Pennsylvania Judiciary's Web Application Portal and not less than thirty days after the date of publication of the local rule in the *Pennsylvania Bulletin*.

 (h) No case shall be dismissed nor request for relief granted or denied because of the failure to comply with a local rule. In any case of noncompliance with a local rule, the court shall advise the party of the specific provision at issue and provide a reasonable time for the party to comply with the local rule. Subsequent noncompliance may result in court-imposed sanctions.

 (i) The Committee may at any time recommend that the Supreme Court suspend, vacate, or require amendment of a local rule.

> **Note:** Rule 1.5 is new; but, the procedures for promulgating local rules are based upon former Rule 1.2 and have been modeled after those found in Pa.R.Crim.P. 105. The Administrative Office of Pennsylvania Courts maintains a web site containing the texts of local rules at http://www.pacourts.us/T/SpecialCourts/LocalRules.htm

> **Explanatory Comment:** After the court has alerted the party to the local rule pursuant to subparagraph (h), the court may impose a sanction for subsequent noncompliance either on the individual party or counsel who has entered a written appearance on behalf of a party, but may not dismiss the petition, or grant or deny relief because of noncompliance with the local rule. *Cf.* Pa.R.Crim.P. 105 *Comment*.

## Rule 1.6. Mediation by Agreement, Local Rule, or Court Order

 All parties having an interest in a matter may participate by written agreement, or the court by local rule or order in a particular matter may provide for the parties to participate, in private mediation or in court-supervised mediation.

**Note:**  Rule 1.6 has no counterpart in former Orphans' Court Rules.

**Explanatory Comment:**  The confidentiality of mediation is provided by statute, *See* 42 Pa.C.S. § 5949.

## Rule 1.7.  Entry and Withdrawal of Counsel

(a)  **Appearance**.  Any counsel appearing before the court or the Register shall enter a written appearance by any one of the following means:

(1) filing an entry of appearance with the clerk or the Register;

(2) signing a legal paper that is filed with the clerk or the Register; or

(3) as prescribed by local rule, which may include submitting an appearance slip to the court, entering counsel's information when a legal paper is filed, or signing a cover sheet.

(b)  **Withdrawal**.  Counsel who has entered an appearance before the court as provided in subparagraph (a) shall not be permitted to withdraw without filing a petition to withdraw and obtaining the court's leave, unless co-counsel, if any, will continue representing the party or there is a simultaneous entry of appearance by other counsel that will not delay the litigation.

**Note:**  Rule 1.7 has no counterpart in former Orphans' Court Rules, but is based upon many local rules of similar import.

**Explanatory Comment:**  Admission *pro hac vice* in accordance with Pennsylvania Bar Admission Rule 301 shall proceed by request, the disposition and content of which shall conform to the requirements of Pennsylvania Rule of Civil Procedure No. 1012.1.

## Rule 1.8.  Forms

(a)  The forms approved by the Supreme Court for statewide practice and procedure before the Registers and courts shall be used exclusively by all Registers and clerks.  Where a Supreme Court-approved form exists, no other form shall be allowed or required by local rule or practice.

(b)  The forms approved by the Supreme Court for statewide practice are set forth in an Appendix to these Rules.  The forms may be revised and supplemented from time to time.  The forms shall also be maintained for public access at the official website of the Administrative Office of Pennsylvania Courts.

(c)  A court may require a legal paper to be accompanied by a cover sheet or checklist.  A court that imposes such requirements must promulgate a local rule, numbered Local Rule 1.8(c), stating the requirements and setting forth the form of the cover sheet or checklist.

**Note:**  Rule 1.8 is substantively similar to former Rule 1.3, but with some modifications.

**Explanatory Comment:**  Rule 1.8 has been modified from former Rule 1.3 by now mandating the exclusive use of statewide forms promulgated by the Supreme Court.  Previously, forms approved or mandated for use pursuant to local rule could be accepted by the local register and clerk so long as the local register and clerk also permitted and accepted forms promulgated by the Supreme Court.  Now, if the Supreme Court has promulgated or approved a form for use before the register or clerk, then such form is the only one that may be used by the applicant or petitioner and is the only one that can be accepted by the local register or clerk. The mandatory statewide forms are set forth in the Appendix attached hereto.  The current website for electronic access to the forms is found at www.pacourts.us/forms under the For-the-Public category.  The forms posted on the website are capable of on-line completion.

[This is an entirely new chapter.]

## CHAPTER II.  ACCOUNTS, OBJECTIONS AND DISTRIBUTIONS

### Rule 2.1.  Form of Account

(a)  Except where otherwise provided by an order of the court in a particular matter, Accounts shall be prepared and filed with the clerk in conformity with the form of the Model Accounts set forth in the Appendix or in conformity with any other form adopted by the Supreme Court subsequent to the date of adoption of these Rules.

(b)  As illustrated in the Model Accounts, Accounts shall conform to the following rules:

(1)  The dates of all receipts, disbursements and distributions, the sources of the receipts, and the persons to whom disbursements and distributions are made and the purpose thereof shall be stated. When a number of payments have been received from the same source or disbursed or distributed to the same recipient for the same purpose over a period of time, such receipts, disbursements or distributions need not be itemized, but may be stated in total amounts only, with beginning and ending dates within the period covered.

(2)  Except where otherwise provided by an order of the court in a particular matter, principal and income shall be accounted for separately within the Account.

(3)  Assets held by the accountant on the closing date of the Account shall be separately itemized.

(4)  Every Account shall contain:

(i)   a cover page;

(ii)  a summary page with page references;

(iii)  separate schedules, as needed, which set forth receipts, gains or losses on sales or other dispositions, disbursements, distributions, investments made, changes in holdings, and other schedules as appropriate; and

(iv)  signature and verification pages signed by all the accountants stating the Account and verified by at least one of the accountants.  The verification of a personal representative's Account shall contain a statement that the Grant of Letters and the first complete advertisement thereof occurred more than four months before the filing of the Account, unless the personal representative has been directed by the court to file an Account prior to that time.

12

(c)  The Uniform Fiduciary Accounting Principles with accompanying commentaries and illustrations, recommended by the Committee on National Fiduciary Accounting Standards in collaboration with the National Center for State Courts, shall serve as an elaboration of the requirements of this Rule.

(d)  When a non-profit corporation incorporated for charitable purposes or a cemetery company is required to file an Account, such corporation or company may file its financial statements for its three most recent fiscal years in lieu of filing an Account in the form required by this Rule.  Financial statements shall be verified to be true and correct by a representative of the non-profit corporation or cemetery company.

(1)  The court may require the corporation or company to submit its financial information in some other form or for some longer period.

(2)  The court may require more or less financial information as it deems appropriate, including some or all of the following:

(i)    the statute or other authority under which the corporation or company was incorporated and the date of its incorporation;

(ii)   the names and addresses of the trustees or directors of the corporation or company;

(iii)   a concise statement of the general purpose of the corporation or company; and

(iv)   a copy of the corporation's or company's charter or articles of incorporation and bylaws.

**Note:**  Rule 2.1 is substantively similar to former Rule 6.1 and Rule 12.15, except that certain subparagraphs have been reordered and Rule 12.15 and its Official Note have become subparagraph (d).

**Explanatory Comment:**  Piggy-backed Accounts and limited Accounts are permitted pursuant to 20 Pa.C.S. §§ 762, 3501.2, and 7799.1.

## Rule 2.2.  Form; Assets Transferred by the Exercise of a Power of Appointment

Assets that are appointed pursuant to the exercise of a power of appointment shall be accounted for separately, and testamentary assets shall be segregated from appointive assets.

**Note:**  Rule 2.2 has been revised but remains substantively similar to subparagraph (d) of former Rule 6.1.

**Rule 2.3.  Form; Separate Accounts for Minors**

Unless the court for cause shown directs otherwise, the estate of each minor or the custodial account of each minor shall be accounted for separately.

> **Note:**  Rule 2.3 is substantively similar to former Rule 6.2, except that Rule 2.3 now also expressly encompasses the Account of a minor's custodial account.

**Rule 2.4.  Petition for Adjudication/Statement of Proposed Distribution; Virtual Representation**

(a)  A petition for adjudication/statement of proposed distribution shall be filed with the clerk at the time of filing an Account.

(b)  In addition to other information required by the form, the petition for adjudication/statement of proposed distribution shall set forth the name of each interested party (whether *sui juris* or not) who is not receiving notice of the filing of the Account and the filing of the petition for adjudication/statement of proposed distribution because another individual or entity is proposed to represent such interested party pursuant to 20 Pa.C.S. § 751(6) or §§ 7721 – 7726, and shall set forth additional facts as to the following:

(1)  a statement of the interested party's interest in the property; and

(2)  for representation being proposed pursuant to 20 Pa.C.S. § 751(6),

(i)  a statement that the interested party is not *sui juris* or is unborn, unknown or unascertained; and

(ii) one of the following:

(A)  a statement that the proposed representative has an interest in the property similar to that of the interested party who is not *sui juris* or is unborn, unknown or unascertained; or

(B) a statement that the proposed representative is the *sui juris* living ancestor of the interested party who is not *sui juris* or is unborn, unknown or unascertained and that such living *sui juris* ancestor has an interest in the property that is not adverse to that of the interested party who is not *sui juris* or is unborn, unknown or unascertained; and

(3) for representation in trust matters being proposed pursuant to 20 Pa.C.S. §§ 7721 – 7726,

14

(i) an explanation about how the interested party's interest in the property can be adequately represented by the proposed representative pursuant to 20 Pa.C.S. § 7723,

(ii) a statement that with respect to the matter at issue there is no conflict of interest between the proposed representative and the interested party to be represented that will or might affect the impartiality of the proposed representative (except as provided pursuant to 20 Pa.C.S. § 7723(7)); and

(iii) one of the following:

(A) either a statement that the proposed representative has been informed of the right to decline such representation pursuant to 20 Pa.C.S. § 7725 within the time period set forth therein and has failed to inform the trustee in writing that he or she declines to be the proposed representative; or

(B) that the proposed representative's signed consent to serve is attached as an exhibit to the petition for adjudication/statement of proposed distribution.

(c) The petition for adjudication/statement of proposed distribution shall be accompanied by such legal paper as is required by the form.

(d) At least one of the accountants stating the Account shall sign and verify the petition for adjudication/statement of proposed distribution in accordance with Rules 3.12 and 3.13.

(e) Counsel for the accountant shall sign the petition for adjudication/statement of proposed distribution in accordance with and pursuant to Rule 3.12.

**Note:** Although substantially modified, Rule 2.4 is derived from former Rule 6.9. One modification is to require averments for virtual representation under 20 Pa.C.S. § 751(6) generally and representation in "trust matters" pursuant to 20 Pa.C.S. § 7721 *et seq*. Another substantial modification is the addition of subparagraph (e) that requires counsel to sign the petition for adjudication/statement of distribution attesting that the submitted petition for adjudication/statement of distribution accurately replicates the Model Form and subjects counsel to rules and sanctions as provided in Pa.R.C.P. Nos. 1023.1 through 1023.4. (*See* Rule 3.12.)

**Explanatory Comment:** The Supreme Court has adopted form petitions for adjudication/statements of proposed distribution of a decedent's estate, trust, guardian of an incapacitated person's estate, guardian of a minor's estate, and the estate of a principal stated by an agent under a power of attorney. These form petitions for adjudication/statements of proposed

distribution are the exclusive forms for adjudicating an Account, and consequently, the local court and clerk must accept these statewide forms and may not accept or allow any other forms previously permitted under local rules. The exclusive statewide form petitions for adjudication/statements of proposed distribution appear in the Appendix and are available electronically at www.pacourts.us/forms under the For-the-Public category.

Cover sheets or checklists may be required by local rule as permitted by Rule 1.8(c).

## Rule 2.5. Notice of Account Filing

(a) No Account shall be confirmed or statement of proposed distribution approved unless the accountant has given written notice of the filing of the Account as provided in subparagraph (d) of this Rule to the following, as applicable:

(1) every unpaid claimant who has given written notice of his or her claim to the accountant or who has performed any action that is the equivalent of giving written notice as provided in 20 Pa.C.S. §§ 3384 or 7755;

(2) any other individual or entity with an asserted claim known to the accountant that is not shown in either the Account or the petition for adjudication/statement of proposed distribution as being either paid in full or to be paid in full;

(3) any other individual or entity known to the accountant to have or claim an interest in the estate or trust as a beneficiary, heir, or next of kin, except for those legatees or claimants whose legacies or claims have been satisfied in full as reflected in the Account or will be satisfied in full as proposed in the petition for adjudication/statement of proposed distribution; and

(4) For an Account where a charitable interest is involved, refer to Rule 4.4.

(b) Notice to an individual or entity shall be given in accordance with Rule 4.2; provided, however, that if the individual or entity is represented by counsel who has entered his or her appearance in accordance with Rule 1.7(a), notice shall be given to counsel and the individual or entity.

(c) If the proposed distribution is to an estate or trust and a charity is a "qualified beneficiary," as defined in 20 Pa.C.S. § 7703, of that recipient estate or trust, then notice shall be given to the Attorney General on behalf of the charitable beneficiary. If the proposed distribution is to an estate or trust and any one of the accountants stating the Account is a personal representative or a trustee of the recipient estate or trust, then notice shall also be given to the beneficiaries of the estate or trust, to the extent known.

16

(d)  Written notice, as provided in subparagraph (a) of this Rule, shall be mailed at least 20 days prior to the audit in those counties having a separate Orphans' Court Division or 20 days prior to the date by which objections must be filed in all other counties, and the written notice shall state the date of the audit or the date by which objections must be filed, and the time and place of the audit, if one is to be held, to the extent then known.  If an audit is to be held and the time and place of the audit is not known at the time the notice is mailed, the notice shall state that the time and place of the audit will be provided upon request.  A copy of the Account, petition for adjudication/statement of proposed distribution, and any legal paper filed therewith shall be sent with the notice, unless the recipient of the notice is a trust beneficiary who is not a "qualified beneficiary" as defined in 20 Pa.C.S. § 7703, or unless the court orders otherwise in a particular matter.

(e)  If the audit of an Account is continued or the date for filing written objections is extended, additional notice shall be mailed at least 20 days prior to the date of the continued audit or the new date for filing written objections to all of those who initially received notice of the Account's filing.  The additional notice shall state the date of the continued audit or the date by which objections must be filed, and the time and place of the continued audit, if one is to be held, to the extent then known.  If the time and place of the continued audit is not known at the time the additional notice is mailed, the additional notice shall state that the time and place of the continued audit will be provided upon request.

(f)  All notices and additional notices shall be sent by first-class United States mail, postage prepaid.  Service by mail is complete upon mailing.

(g)  A certificate of service and a copy of the notice shall be appended to the petition for adjudication/statement of proposed distribution or filed with the clerk prior to the audit or continued audit date, in those counties having a separate Orphans' Court Division, or by the date when objections must be filed in all other counties.

(h)  The notice shall contain the information provided in subparagraphs (1), (2), and (3), as applicable, and, in all cases, shall contain a statement as provided in subparagraph (4):

(1)  the accountant's position on any known dispute or interpretation question, together with a copy of any instrument or material parts thereof containing any provision which forms the basis of the dispute or question;

(2)  the accountant's understanding of the nature of each contested or unpaid claim, a detailed explanation that specifically identifies the claim, whether the claim is admitted or contested, and if admitted, why the claim is not being paid in full;

17

(3)  if the Account and petition for adjudication/statement of proposed distribution is not sent with the notice pursuant to subparagraph (d) of this Rule, the notice shall state the amount of all compensation paid or payable to the accountant, all attorneys' fees paid or payable, and that copies of the Account and petition for adjudication/statement of proposed distribution are available upon request; and

(4)  that any recipient of the notice who objects to any transaction shown in the Account, any interpretation or position taken by the accountant, or to any payment, failure to pay, distribution proposed, or any other aspect of the petition for adjudication/statement of proposed distribution must file written objections in accordance with Rule 2.7 with the clerk on or before the audit date in those counties holding an audit and by a specified date in all other counties, and if there is no such objection, then no action need be taken as such recipient will be deemed to have approved the Account, as stated, and agreed with the accountant's position on any dispute or question as set forth in the petition for adjudication/statement of proposed distribution, if any, and with the accountant's proposed disbursements and distribution.

**Note:**  Although substantially modified, Rule 2.5 is derived from former Rule 6.3.

**Explanatory Comment:**  Pursuant to the cross-references to 20 Pa.C.S. §§ 3384 and 7755, notice of the claim given to accountant's counsel of record is notice to the accountant.  *See* 20 Pa.C.S. § 3384(b)(4).   If the court is inclined not to agree with accountant's position, interpretation or proposed disbursements and distribution, best practice would be for the court to direct the accountant to notify the interested parties of the court's position and what additional action must be taken by any interested party who objects to the court's position.

## Rule 2.6.  Filing with the Clerk

All Accounts shall be filed with the clerk.

**Note:**  Rule 2.6 is derived from what was formerly Rule 6.6.  Former Rule 6.4 regarding the time for filing the first Account of the personal representative has been deleted as it is codified in 20 Pa.C.S. § 3501.1.

## Rule 2.7.  Objections to Accounts or Petitions for Adjudication/Statements of Proposed Distribution

(a)   Objections to an Account and/or a petition for adjudication/statement of proposed distribution shall be filed with the clerk on or before the time and date of the audit in those counties holding an audit, and by a specified date in all other counties, with a copy sent by first-class United States mail, postage prepaid, to the accountant or

18

the accountant's counsel, if represented, and to each interested party and claimant who received the notice pursuant to Rule 2.5, to the extent known.

(b)  Objections shall be in writing, with consecutively numbered paragraphs, signed by counsel, or if not represented by counsel, then by all the objectors in accordance with Rule 3.12.  Objections shall be verified by at least one of the objectors in accordance with Rule 3.13.

(c)  Each objection shall:

(1)  be specific as to description and amount;

(2)  raise one issue of law or fact, but if there are several objections relating to the same issue, all such objections shall be included in the same paragraph as subparts; and

(3) briefly set forth the reason or reasons in support thereof.

(d)  The court may extend the time for filing objections.

**Note:**  Although substantially modified, Rule 2.7 is derived from former Rule 6.10.

**Explanatory Comment:**  If the notice received by the objector has a service list appended to it setting forth the name and address of each interested party who received the notice under Rule 2.5, the objector must mail his or her objections to every name and address appearing on the service list.

## Rule 2.8.  Pleadings Allowed After Objections are Filed

(a) Answers to objections, preliminary objections to objections, and answers to preliminary objections are permitted, but a party does not waive any rights by failing to file any of the foregoing.  If an answer to objections is filed, no responsive pleading to the answer is permitted.

(b)  Preliminary objections to objections shall be limited to lack of jurisdiction over the subject matter and lack of standing.

(c)    If filed, answers to objections, preliminary objections to objections, and answers to preliminary objections must be filed within 20 days after service of the applicable preceding pleading, with a copy served upon the accountant, if applicable, and to each interested party and claimant who received the notice pursuant to Rule 2.5, or to his or her counsel, if represented.

(d)  The court may summarily decide preliminary objections to objections and may do so prior to the filing of an answer to the preliminary objections.

**Note:**  Rule 2.8 has no counterpart in former Orphans' Court Rules.

**Explanatory Comment:**  Preliminary objections to objections are limited in the grounds that may be raised.  Insufficient specificity, failure to conform to law, and the inclusion of scandalous or impertinent matter, *inter alia*, are not properly raised as preliminary objections to objections. (*Cf.* Rule 3.9 and Pa.R.C.P. No. 1028).

## Rule 2.9.  Confirmation of Accounts; Awards

(a)  An Account shall be confirmed or petition for adjudication/statement of proposed distribution approved when an adjudication or a decree of distribution is issued by the court and docketed by the clerk, expressly confirming the Account or approving the petition for adjudication/statement of proposed distribution and specifying, or indicating by reference to the petition for adjudication/statement of proposed distribution, the names of those to whom the balance available for distribution is awarded and the amount or share awarded to each.

(b)  An adjudication confirming an Account discharges the fiduciaries as to those transactions set forth in the Account.

(c)  The practice related to Schedules of Distribution shall be prescribed by local rule.

**Note:**  Rule 2.9 is substantively similar to former Rule 6.11(a).  Former Rule 6.11(b) has been deleted.

## Rule 2.10.  Foreign Heirs and Unknown Distributees

(a)  If it appears that the decedent may have heirs in a foreign country but their location, existence or identity is unknown, the accountant or his or her counsel shall notify the consulate of the country, prior to audit, of the facts indicating that the decedent may have had heirs in that country.

(b)  Whenever the existence, identity or whereabouts of a distributee is unknown, or it appears that a distributee may not have the actual benefit, use, enjoyment or control of the money or other property if awarded to him or her, or the court is requested to withhold distribution or to make an award other than to the distributee or his or her nominee, the accountant or his or her counsel shall submit to the court or auditor, as the case may be, a written report outlining the investigation made and the facts relevant

thereto.  The report shall be in such form and may be filed at such place and time as shall be prescribed by local rule or order of the court.

> **Note:**  With only minor modifications, Rule 2.10 is substantively similar to former Rules 13.2 and 13.3.  Former Rule 13.1 has been deleted.

## Rule 2.11.  Appointment of Official Examiners

The court, by local rule or order in a particular matter, may appoint an official examiner who shall examine the assets held by or the transactions of any fiduciary.

> **Note:**  Rule 2.11 is substantively identical to former Rule 9.1.  The appointment and conduct of Auditors and Masters is provided for in Chapter IX.

[This is an entirely new chapter.]


## CHAPTER III.  PETITION PRACTICE AND PLEADING

### Part A.  Petition Practice

### Rule 3.1.  Petitions Generally

Matters may be raised before the court by written petition filed with the clerk in conformity with these Rules.  Petitions for adjudication/statements of proposed distribution shall be governed by Chapter II.

**Note:**  Rule 3.1 has no counterpart in former Orphans' Court Rules.

**Explanatory Comment:**  The filing of an Account provides the procedure for raising questions related to the administration or distribution of an estate or trust, including a guardianship or minor's estate as well as a decedent's estate.  Application to the Orphans' Court Division may also be commenced by a petition that is verified or attested by an affidavit.  *See* 20 Pa.C.S. §§ 761, 762.


### Rule 3.2. Headings; Captions

Pleadings shall include the docket number, if one has been assigned to the matter by the clerk or Register, and shall include a heading identifying the type of pleading filed, and in the case of a petition, identifying the nature of the relief requested therein.  In those counties having a separate Orphans' Court Division, pleadings shall be captioned "Court of Common Pleas of _____ County, Orphans' Court Division".

**Note:**  Rule 3.2 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1018.


### Rule 3.3. Contents of All Pleadings; General and Specific Averments

The following rules shall apply to all pleadings:

(a)  Every pleading shall be divided into consecutively numbered paragraphs.  Each paragraph shall contain as far as practicable only one material allegation.

(b)  The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

(c)  Averments of fraud or mistake shall be averred with particularity.  Malice, intent, knowledge, and other conditions of mind may be averred generally.

(d)  In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.  A denial of such performance or occurrence shall be made specifically and with particularity.

(e)  In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law.

(f)  In pleading a judgment, order or decision of a domestic or foreign court, judicial or administrative tribunal, or board, commission or officer, it is sufficient to aver the judgment, order or decision without setting forth matter showing jurisdiction to render it.

(g)  Averments of time and place shall be specifically stated.

(h)  Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any state or federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or Register of such county.

(i)  When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

(j)  When any claim or defense is based upon a writing, the pleading shall have attached to it a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, identifying the reason therefor, and setting forth the substance of the writing.

> **Note:**  Rule 3.3 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 206.1(c) and Pa.R.C.P. No. 1019.

## Rule 3.4.  Form of Petition; Exhibits; Consents; Signing and Verification

(a)  In addition to the requirements of Rules 3.2 and 3.3, a petition shall set forth:

(1)  a title indicating briefly the purpose of the petition;

(2)  a concise statement of the facts relied upon to establish the court's jurisdiction and to justify the relief requested;

(3)  the questions of law with respect to the petition and the relief requested;

(4)  if the trust includes a charitable interest for which notice is required under Rule 4.4, whether the Office of the Attorney General has been given notice, whether the Office of the Attorney General has issued a statement of no objection to the petition, or the reason for failing to give the Office of the Attorney General notice;

(5)  the names and addresses of every interested party who has an interest in the matter that is the subject of the petition;

(6)  the name of any individual who is an interested party but is not *sui juris*, along with the following information:

(i)  the name and address of the guardian, agent under power of attorney, or another individual being proposed to represent such individual, if any;

(ii) if such individual is a minor and no guardian has been appointed for such minor's estate, the minor's age, the names and addresses of his or her parents, and the individual with whom he or she resides or the facility at which he or she resides; and

(iii) if the non-*sui juris* individual is proposed to be represented in the matter at issue by another individual or entity pursuant to 20 Pa.C.S. §§ 751(6) or 7721-7726, then subparagraph (7) of this Rule shall also apply;

(7)  the name of each interested party (whether *sui juris* or not) who is not receiving notice of the filing of the petition because another individual or entity is proposed to represent such interested party pursuant to 20 Pa.C.S. §§ 751(6) or 7721 – 7726, and shall set forth additional facts as to the following:

(i)  a statement of the interested party's interest in the property; and

(ii)  for representation being proposed pursuant to 20 Pa.C.S. § 751(6),

(A)  a statement that the interested party is not *sui juris* or is unborn, unknown or unascertained; and

(B) one of the following:

(I)  a statement that the proposed representative has an interest in the property similar to that of the interested party who is not *sui juris* or is unborn, unknown or unascertained; or

24

(II) a statement that the proposed representative is the *sui juris* living ancestor of the interested party who is not *sui juris* or is unborn, unknown or unascertained and that such living *sui juris* ancestor has an interest in the property that is not adverse to that of the interested party who is not *sui juris* or is unborn, unknown or unascertained; and

(iii) for representation in trust matters being proposed pursuant to 20 Pa.C.S. §§ 7721 – 7726,

(A) an explanation about how the interested party's interest in the property can be adequately represented by the proposed representative pursuant to 20 Pa.C.S. § 7723,

(B) a statement that with respect to the matter at issue there is no conflict of interest between the proposed representative and the interested party to be represented that will or might affect the impartiality of the proposed representative (except as provided pursuant to 20 Pa.C.S. § 7723(7)); and

(C) one of the following:

(I) either a statement that the proposed representative has been informed of the right to decline such representation pursuant to 20 Pa.C.S. § 7725 within the time period set forth therein and has failed to inform the trustee in writing that he or she declines to be the proposed representative; or

(II) that the proposed representative's signed consent to serve is attached as an exhibit to such petition; and

(8) a prayer for the relief desired.

(b)  A proposed form of decree bearing the caption of the case and setting forth the relief requested in the prayer of the petition shall be attached to the front of the petition.  In the case of a petition requiring a citation under Rule 3.5(a), a proposed form of preliminary decree for the issuance of the citation to the interested parties, subject to subparagraph (a)(7) of this Rule, shall also be attached to the front of the petition.

(c)  Petitioner shall attach to the petition such exhibits, consents or approvals as may be required by these Rules, applicable statute, or local rule.  If the petitioner is unable to attach any necessary exhibit, consent or approval, the petition shall so state and identify the reason therefor.

(d)  The petition shall be verified by at least one of the petitioners in accordance with Rule 3.13 and signed by counsel, or if not represented by counsel, then signed by all the petitioners in accordance with Rule 3.12.

**Note:** Rule 3.4 is based upon former Rule 3.3 and Rule 3.4, but has been modified to require averments for virtual representation under 20 Pa.C.S. § 751(6) generally and representation in "trust matters" pursuant to 20 Pa.C.S. § 7721 *et seq*. Another modification is the addition of subparagraph (d) that requires petitioner's counsel to sign the petition, or all of the petitioners to sign the petition, if unrepresented, thereby subjecting these signatories to rules and sanctions as provided in Pa.R.C.P. Nos. 1023.1 through 1023.4. (*See* Rule 3.12.)

### Rule 3.5. Mode of Proceeding on Petition

(a) **Citation Practice.**

(1) When personal jurisdiction is required and has not previously been obtained or conferred by statute, or when a citation is otherwise required by statute, the petition shall include a preliminary decree for the issuance of a citation to those interested parties for whom a citation is necessary to show cause why the relief requested in the petition should not be granted.

(2) The citation to obtain personal jurisdiction and a copy of the petition shall be served upon each cited party at least 20 days before the date when a responsive pleading is due, in the same manner as service of original process under Pa.R.C.P. Nos. 402 through 404, Pa.R.C.P. No. 420, and Pa.R.C.P. Nos. 422 through 424 inclusive. If service cannot be made under the foregoing rules, the court may order service by publication in accordance with Pa.R.C.P. No. 430. Service of a citation as original process shall not be permitted by electronic means, unless agreed to by the respondent.

(3) If the citation is not being issued in order to obtain personal jurisdiction over an interested party, the petition and the citation may be served by first-class United States mail, postage prepaid, at least 20 days before the date when a responsive pleading is due.

(4) If the citation and petition are not served at least 20 days before the date when a responsive pleading is due, the court, upon request, may authorize the reissuance of the citation.

(5) Once the citation to obtain personal jurisdiction has been served upon the cited party by original process in accordance with subparagraph (a)(2), then notice of a rescheduled return date or any other rescheduled date for filing a responsive pleading or appearing before the court may be served by first-class United States mail, postage prepaid, at least 20 days before such rescheduled date.

(6)  If an interested party (whether *sui juris* or not) is represented by another, the citation and petition shall be served upon the interested party's representative(s) pursuant to Rule 4.2.

(7)  Proof of service of the citation shall be filed with the clerk on or before the date when a responsive pleading is due.

(8)  Each interested party identified in the citation, or such interested party's representative identified in the citation, may file a responsive pleading in accordance with these Rules on or before the date provided in the citation.

(b)  **Notice Practice.**

(1)  In all cases where personal jurisdiction is not required or has been previously obtained, or conferred by statute, the petitioner shall, either in advance of filing or contemporaneously therewith, provide a copy of the petition to the interested parties identified in the petition.  The petition shall have affixed to its first page a notice to plead that shall be substantially in the following form:

To:  _____

You are hereby notified to file a written response to the (name of pleading) within twenty (20) days from the date of notice or on or before the date when the pleading is to be filed, whichever is later, or the court may deem that you have no objection to the relief requested therein and may grant such relief without further notice to you.

(2)  A certificate of service, listing the names and addresses of those individuals and entities receiving notice of the filing of the petition, shall be appended to, or filed contemporaneously with, the petition.

(3)  If an interested party (whether *sui juris* or not) is not receiving notice of the filing of the petition because he or she is represented by another, a copy of the petition shall be sent in accordance with subparagraph (b)(1) to the interested party's representative pursuant to Rule 4.2.

(c)  **Consents/Statements of No Objection; Joinders.**

No citation or notice to plead is required where all individuals and/or entities identified in the petition as interested parties (or any representative thereof) satisfy one of the following:

(1)  they are named petitioners in the petition;

27

(2)  they filed joinders to the petition; or

(3)  they signed a document, that is attached to the petition as an exhibit, consenting to or stating that they have no objection to the relief requested in the petition.

**Note:**  Subparagraphs (a) and (b) of Rule 3.5 are derived from former Rule 3.5.  The final sentence of subparagraph (a)(2) is identical to former Rule 3.7(h)(1); it merely has been relocated to this section.  Subparagraphs (c) and (d) of this Rule have no counterpart in former Orphans' Court Rules.

**Explanatory Comment:**  Personal jurisdiction is conferred by statute in certain circumstances.  *See e.g.,* 20 Pa. C.S. § 7712.  A sheriff does not need to serve the citation issued by the clerk; instead, any adult person may serve the citation and file the proof of service in accordance with subparagraph (a)(7) of this Rule 3.5.  *See* 20 Pa.C.S. § 765.  If a citation is not being issued with the petition, then the petition must be endorsed with a notice to plead.  *See* Rule 3.5(b) and Pa.R.C.P. No. 1026.  The court, by local rule or by order in a particular matter, may establish a procedure for rules to show cause as provided in Pa.R.C.P. No. 206.4 *et seq.*

## Part B.  Responsive Pleadings

### Rule 3.6.  Pleadings Allowed After Petition

Pleadings allowed after the filing of a petition are limited to:

(a)  an answer that can include new matter;

(b)  a reply, if an answer contains new matter;

(c)  preliminary objections to the petition as permitted by Rule 3.9;

(d)  an answer to preliminary objections; and

(e)  a petition to join one or more persons as parties to the proceeding and an answer thereto.

**Note:**  Rule 3.6 has no counterpart in former Orphans' Court Rules, but is based, in part, on Pa.R.C.P. No. 1017.

**Explanatory Comment:**  Any interested party may file a new petition bringing a new issue or dispute before the court or seeking alternative

relief in the same trust or estate.  Motions are permitted in Orphans' Court Division, and this Rule 3.6 does not prohibit or limit motions practice.

## Rule 3.7.  Time for Filing and Service of Responsive Pleadings

(a)  Unless the court orders otherwise, each interested party identified in the petition, or such interested party's representative identified in the petition, may file a responsive pleading in accordance with these Rules within 20 days of the date of notice or the date of the filing, whichever is later.  A party residing outside of the United States shall have 60 days, rather than 20 days, within which to file a responsive pleading to the citation or the petition initiating the proceeding.

(b)  A copy of the responsive pleading shall be sent to the petitioner or his or her counsel, if represented, and all interested parties identified in the petition or counsel representing an interested party if so identified in the petition or in a subsequent pleading.  A certificate of service, listing the names and addresses of those individuals and entities receiving a copy of the responsive pleading shall be appended to, or filed contemporaneously with, the responsive pleading.

(c)  A notice to plead in substantially the form provided in Rule 3.5(b)(1) shall be affixed to the first page of an answer that contains new matter and to the first page of preliminary objections which aver a fact that is not contained in the petition.

(d)  Regardless of the residency of any interested party, each subsequent pleading shall be filed within 20 days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading included a notice to plead that complies with the requirements of Rule 3.5(b)(1).

**Note:**  Rule 3.7 is new, but is derived from Pa.R.C.P. No. 1026.

**Explanatory Comment:**  The court, by local rule, may establish procedures for the disposition of matters after the pleadings are closed.

## Rule 3.8.  Headings of Responsive Pleadings

All responsive pleadings shall contain a heading identifying the name of the pleading to which it is responding.

**Note:**  Rule 3.8 has no counterpart in former Orphans' Court Rules.

## Rule 3.9.  Preliminary Objections

(a)   **General.**  Preliminary objections may be filed to any petition by any interested party or the interested party's representative.

(b) **Grounds for Preliminary Objections.** Preliminary objections filed to any petition under the Rules of Chapter III are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or lack of jurisdiction over the person, improper venue, or improper form of service;

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) insufficient specificity in a pleading;

(4) legal insufficiency of a pleading (demurrer);

(5) lack of standing or lack of capacity to sue, nonjoinder of a necessary party, or misjoinder of a cause of action; and

(6) pendency of a prior action or agreement for alternative dispute resolution.

(c) **Form.** All preliminary objections shall be raised at one time in one pleading, shall state specifically the grounds relied upon, and may be inconsistent.

(d) **Disposition of Preliminary Objections.**

(1) A party may file an amended pleading, without consent of any other party and without leave of court, within 20 days after service of the preliminary objections. If a party files an amended pleading, the preliminary objections to the original pleading shall be deemed moot.

(2) In all other instances, the court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by deposition or otherwise.

(e) **Pleadings Allowed Subsequent to the Disposition of Preliminary Objections.**

(1) If the preliminary objections are overruled, the party who filed the preliminary objections shall have the right to file an answer within 20 days after entry of the order overruling the preliminary objections or within such other time as the court shall direct.

(2) If the filing of an amended petition or a new petition is allowed or required, it shall be filed within 20 days after entry of the order concerning such amended or new petition or within such other time as the court shall direct.

(3)  New preliminary objections may be filed to any amended or new petition in accordance with this Rule.

**Note:**  Rule 3.9 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1028.

**Explanatory Comment:**  Preliminary objections raising an issue under subparagraphs (b)(2), (b)(3), (b)(4), and in some instances (b)(1), may be determined from the facts of record so that further evidence is not required.  In such situations, the court may summarily decide preliminary objections prior to the filing of an answer.

Preliminary objections raising an issue under subparagraphs (b)(5) and (b)(6), and in some instances (b)(1), cannot be determined from the facts of record.  In such situations, if the preliminary objections are not endorsed with a notice to plead in the form required by Rule 3.5(b)(1), no reply will be required under Rule 3.10, and the preliminary objections will be overruled.

Pleadings may be amended only in accordance with subparagraphs (d)(1), (e)(2) or Rule 3.14.

For preliminary objections to Objections to an Account, petition for adjudication/statement of proposed distribution or a notice, *cf.* Rule 2.8(b) for a more limited scope of permitted preliminary objections.

## Rule 3.10. Denials; Effect of Failure to Deny

(a)  A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof.  Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.  A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder.

(b)  Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.  A general denial or a demand for proof, except as provided by subparagraph (c) of this Rule, shall have the effect of an admission.

(c)  A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

(d)  Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

(e)  A responsive pleading shall be signed by counsel, or if not represented by counsel, then by all the respondents in accordance with Rule 3.12.  A responsive pleading that admits or denies any averment of fact shall be verified by at least one of the respondents in accordance with Rule 3.13.

> **Note:**  Rule 3.10 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1029.

> **Explanatory Comment:**  Reliance on subparagraph (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the respondent must know whether a particular allegation is true or false.  *Cf. Cercone v. Cercone*, 386 A.2d 1, 4 (Pa. Super. 1978).

## Rule 3.11. Answer with New Matter

All applicable affirmative defenses shall be pleaded in the answer under the heading "New Matter." A party may set forth as new matter any other material facts that are not merely denials of the averments of the preceding pleading.

> **Note:**  Rule 3.11 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1030.

## Part C.  Pleadings in General

## Rule 3.12. Signing

(a)  Counsel who has entered an appearance for a party pursuant to Rule 1.7(a) shall sign every pleading and any brief or memorandum of law and shall include counsel's name and address.  A party not represented by any counsel of record shall sign every pleading and any brief or memorandum of law and shall include the party's name, an address where legal paper may be served, and a telephone number.

(b)  If the legal paper includes a facsimile telephone number and/or email address, that party or his or her counsel agrees to accept service of legal paper by transmission of a facsimile copy or by electronic transmission.

(c)  By signing a legal paper, the party and counsel are subject to Pa.R.C.P. Nos. 1023.1 through 1023.4.  The court has authority to impose sanctions and grant relief in accordance with Pa.R.C.P. No. 1023.4.

> **Note:**  Rule 3.12 has no counterpart in former Orphans' Court Rules, but subparagraphs (a) and (b) are derived from Pa.R.C.P. No. 1025.  Rule 3.12(c) is based upon Pa.R.C.P. No. 1023.1 *et seq*.

**Explanatory Comment:** The Explanatory Comments appearing after Pa.R.C.P. Nos. 1023.1 and 1023.4 are fully incorporated by reference herein.

## Rule 3.13. Verification

(a) Every pleading shall be verified, averring as true every fact not appearing of record in the action or containing a denial of fact based upon the signer's personal knowledge or information and belief. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial.

(b) If a pleading contains averments that are inconsistent in fact, the verification shall state that the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that the signer has knowledge or information sufficient to form a belief that one of them is true.

(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

**Note:** Rule 3.13 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1024.

## Rule 3.14. Amendment

A party may amend a pleading pursuant to Rule 3.9(d)(1), or at any other time, either by written consent of all other parties filed with the clerk or by leave of court. The amended pleading may aver transactions or occurrences that have happened before or after the filing of the original pleading. An amendment may be made to conform the pleading to the evidence offered or admitted.

**Note:** Rule 3.14 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1033.

**Explanatory Comment:** Rule 3.9(d)(1) provides for amending a pleading after the filing of preliminary objections.

33

**Rule 3.15.  Pleading More Than One Cause of Action; Alternative Pleadings**

(a)  More than one cause of action may be stated in a pleading.  Each cause of action shall be stated in a separate count, preceded by a heading, and the count shall name the parties to that cause of action and shall contain a separate request for relief.

(b)  Causes of action and defenses may be pleaded in the alternative.

**Note:**  Rule 3.15 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1020.

[This is an entirely new chapter.]

## CHAPTER IV. FORMAT AND SERVICE OF LEGAL PAPER BY PARTIES AND COURT; ELECTRONIC FILING

### Rule 4.1. Format of All Legal Paper

All legal paper filed with the clerk must conform to the following requirements:

(a)  The document shall be on 8 ½ inch by 11 inch paper.

(b)  The document shall be prepared on white paper (except for dividers and similar sheets) of good quality.

(c)  The text must be double spaced, but quotations more than two lines long may be indented and single-spaced.  Margins must be at least one inch on all four sides.

(d)  The lettering shall be clear and legible and no smaller than point 12.  The lettering shall be on only one side of a page, except that exhibits and similar supporting documents may be double-sided.

**Note:**  Rule 4.1 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 204.1.

**Explanatory Comment:**  Rule 4.1 governing the format of legal paper is modeled after Pa.R.C.P. No. 204.1 and thus is substantively identical to Pa.R.A.P. No. 124(a) and Pa.R.Crim.P. 575(C).  *See* Explanatory Comment to Pa.R.C.P. No. 204.1. The goal is to foster uniformity in the formatting of legal paper filed in all judicial tribunals, regardless of the level of court or division of court; this uniformity, in turn, will promote the objective of the unified judicial system under the Constitution of 1968 and facilitate the statewide practice of law.

### Rule 4.2. Citation or Notice to Individuals and Entities

(a) **To individuals.**  Whenever a citation under Rule 3.5(a) is to be served or notice under Rule 2.5 or Rule 3.5(b) is to be given to an individual:

(1)  If the individual is *sui juris*, or if the individual has reached the age of 18 and is believed to be incapacitated (under the provisions of Chapter 55 of Title 20), but for whom no guardian is known to have been appointed by a Pennsylvania court or by the court of any other jurisdiction (including a guardian *ad litem* with respect to the matter at issue), then such notice or citation shall be provided:

(i) to the individual; or

(ii) if the individual will be represented with respect to the matter at issue by a representative under the provisions of 20 Pa.C.S. §§ 7721 – 7726, then such notice or citation may instead be provided to such representative, including notice as required by 20 Pa.C.S. § 7725 that each such representative may decline to act as a representative for the *sui juris* individual.

(2)  If the individual is not *sui juris*, or is unborn, unknown or unascertained, then such notice or citation shall be provided to such individual's representative with respect to the matter at issue under the provisions of 20 Pa.C.S. §§ 751(6) or 7721 – 7726, including notice required by 20 Pa.C.S. § 7725 that each such representative may decline to act as a representative for the individual; provided, however, that if a guardian or trustee *ad litem* has been appointed to represent such individual by the court having jurisdiction over the matter at issue, then such notice or citation shall also be provided to the guardian or trustee *ad litem*.

(b)  **To entities.**  Whenever a citation under Rule 3.5(a) is to be served or notice under Rule 2.5 or Rule 3.5(b) is to be given to an entity, then such citation or notice shall be provided:

(1)  to the entity through the entity's duly authorized representative; or

(2)  if the entity will be represented with respect to the matter at issue by a representative under the provisions of 20 Pa.C.S. §§ 7721 – 7726, then such notice or citation may instead be provided to such representative, including notice as required by 20 Pa.C.S. § 7725 that each such representative may decline to act as a representative for the entity.

(c)  **Counsel.**  If counsel has entered an appearance on behalf of an individual, entity or representative who would otherwise receive notice or a citation as provided under subparagraphs (a) and (b) of this Rule, then such notice or citation shall instead be given to counsel, except as provided in Rule 2.5(b) wherein the notice must be given to both counsel and the individual, entity or representative.

(d)  **Additional service or notice.**  Notwithstanding the foregoing, if the court having jurisdiction over the matter determines that the representation is or might be inadequate, then the court may in its discretion direct to whom a citation or notice shall be provided.

**Note:**  Rule 4.2 is derived from former Rule 5.2, but has been substantially modified to address virtual representation under 20 Pa.C.S. § 751(6) generally and representation in "trust matters" pursuant to 20 Pa.C.S. § 7721 *et seq.*  *Cf.* Rule 2.5(b) for different requirements that the notice

36

must be mailed to the individual or entity and to counsel representing such individual or entity.

**Rule 4.3.  Service of Legal Paper Other than Citations or Notices**

(a)  Copies of all pleadings, and any brief or memorandum of law in connection therewith, other than notices served pursuant to Rule 2.5 or citations served pursuant to Rule 3.5(a), filed in an action or served upon any party to an action shall be served upon every other party to the action. This service shall be made:

(1)   by handing, or mailing by first-class United States mail, postage prepaid, a copy to, or leaving a copy for, each party at the address of the party's counsel of record listed on an entry of appearance or prior pleading of the party, or at such other address as a party may agree;

(2)   by transmitting a facsimile copy to the party's counsel of record as provided by subparagraph (c); or

(3) by electronic transmission as provided in subparagraph (d).

(b)  If there is no attorney of record,

(1) Service shall be made by handing a copy to the party or by mailing a copy to, or leaving a copy for, the party at the address listed on an entry of appearance or prior pleading or at the residence or place of business of the party, or by transmitting a facsimile copy as provided by subparagraph (c) or by electronic transmission as provided in subparagraph (d).

(2)   If such service cannot be made, service shall be made by leaving a copy at, or mailing a copy to, the last known address of the party to be served.

(c)      (1)  A facsimile copy may be served if the parties agree thereto or if a facsimile telephone number is included on an entry of appearance or other legal paper previously filed with the court in the action.

(2)   A facsimile copy shall begin with a facsimile cover sheet containing:

(i)   the name, firm, address, telephone number, of both the party making service and the party served;

(ii)   the facsimile telephone number of the party making service and the facsimile telephone number to which the facsimile copy was transmitted;

(iii)   the title of the legal paper served; and

(iv)　the number of pages transmitted.

(d)　Service may be effected by electronic transmission if the parties agree thereto or if an email address is included on an entry of appearance or other legal paper previously filed with the court in the action.

(e)　Service by mail is complete upon mailing, and service by facsimile is complete when transmission is confirmed.　Electronic service is complete when the legal paper is sent to the recipient's email address, or when the recipient is notified by email that a legal paper affecting the recipient has been filed and is available for review on the court's website.

> **Note:**　Most of Rule 4.4 has no counterpart in former Orphans' Court Rules, but is based on Pa.R.C.P. No. 440 with modifications. Subparagraph (d) of this Rule is identical to former Rule 3.7(h)(2); it merely has been reformatted and relocated to this Chapter IV.

> **Explanatory Comment:**　The Notes and Explanatory Comment appearing after Pa.R.C.P. No. 440 are fully incorporated by reference herein. Service of legal papers as provided in Rule 4.3 can occur even if the local judicial district has not implemented electronic filing.

## Rule 4.4.　Charities – Notice to the Attorney General

(a)　In every court proceeding involving or affecting a charitable interest with the exception hereinafter set forth, at least 20 days advance written notice thereof shall be given to the Attorney General of the Commonwealth at the principal office in Harrisburg, Pennsylvania, or to a deputy of the Attorney General designated for such purpose for the judicial district in which the proceeding is pending.　The notice shall include or be accompanied by such of the following as may be appropriate:

(1)　the caption of the case;

(2)　a description of the nature of the proceeding;

(3)　the date, time and place when the matter is to be heard by the court to the extent then known;

(4)　the name of the decedent, settlor, incapacitated person or minor, if not disclosed by the caption;

(5)　a copy of the will or other instrument creating the charitable interest;

(6)　the name and address of any specific charity which may be affected by the proceeding;

(7)  if the charitable interest is a present interest, a description and the approximate market value of that interest;

(8)  if the charitable interest is a future interest and the estimated present value of the charity's future interest in the property exceeds $25,000, a brief description thereof including the conditions precedent to its vesting in enjoyment and possession, the names and ages of persons known to have interests preceding such charitable interest, and the approximate market value of the property involved;

(9)  a description of any unresolved claim and any material question of interpretation or distribution likely to be submitted for adjudication which may affect the value of the charitable interest;

(10)  the names and addresses of all fiduciaries;

(11) the name and address of counsel for each fiduciary;

(12)  the name and address of counsel for any charity who has received notice or has appeared for the charity and the name of the charity which counsel represents; and

(13)  a copy of an Account if the proceeding involves an Account and if the charity is any one of the following:

(i)  a residuary beneficiary, including as a beneficiary of a residuary trust;

(ii)  a pecuniary legatee in an amount greater than $25,000; or

(iii) a pecuniary legatee where the bequest has not and will not be paid in full.

(b)  Proof of service of the above notice or an acknowledgment of such notice received from the Attorney General or a deputy of the Attorney General shall be filed with the clerk in every proceeding involving a charitable interest prior to the entry of any decree.

(c)  Unless the court directs otherwise, no notice to the Attorney General or a deputy of the Attorney General shall be required with respect to a pecuniary legacy to a charity in the amount of $25,000 or less which has been or will be paid in full.

**Note:**  Rule 4.4 is substantively identical to former Rule 5.5.

**Explanatory Comment:**  See Appendix (OC-06) for form of notice under this Rule.

**Rule 4.5. Service of Legal Paper by Court and Clerk.**

(a)  The clerk and the court may serve all notices, opinions, and orders via electronic means where any one of the following has occurred:

(1)  the parties have agreed to receipt of legal paper by electronic transmission;

(2)  the underlying legal paper related to the notice, opinion or order was electronically filed; or

(3)  an email address appears on an entry of appearance or other legal paper previously filed with the clerk in the action.

(b)  The clerk and the court may serve all notices, opinions, and orders by facsimile in accordance with Rule 4.3(c).

> **Note:**  Rule 4.5 is based upon former Rule 3.7(i); it has been reformatted and relocated to this Chapter IV.

> **Explanatory Comment:**  This Rule 4.5 differs from its counterpart in former Rule 3.7(i) in several respects: first, this Rule permits the clerk and court to serve not only notices, but also opinions and orders, via electronic means as well as by facsimile; and second, it provides that the clerk and court are able to send notices, opinions, and orders via electronic means if the underlying legal paper was filed electronically.  Service from the court and clerk as provided in Rule 4.5 can occur even if the local judicial district has not implemented electronic filing.

**Rule 4.6. Notice of the Date of Entry of an Adjudication or Court Order on the Docket**

(a)  The clerk shall immediately give written notice of the entry of an adjudication or court order in a particular matter to each party's counsel of record or, if unrepresented, to each party.  The notice shall include a copy of the adjudication or court order.

(b)  The clerk shall note in the docket the date when notice was given to the party or to his or her counsel under subparagraph (a) of this Rule.

> **Note:**  Rule 4.6 has no counterpart in former Orphans' Court Rule, but is derived from Pa.R.C.P. No. 236.

**Rule 4.7.  Electronic Filing**

(a) **Authorization for Electronic Filing**. A court may permit or require electronic filing of legal paper. Any court that implements electronic filing shall establish procedures governing such filing by local rule, which shall not be inconsistent with the procedures set forth herein.

(b) **Electronic Filing of Legal Paper**.

(1) If implemented by court, a filing party may file a legal paper with the clerk by means of electronic filing.

(2) Any party may require the filing party to file the original of a legal paper or exhibit by filing a notice to file with the clerk and serving a copy of the notice upon the filing party. The filing party shall file the specified document with the clerk within 14 days after service of the notice. The court for any reason may direct any party to file the original of a legal paper or exhibit with the clerk within the time specified in the order. Upon disposition of the matter before the court, an original document may be returned to the party who filed it or retained by the court, as the court may determine.

(c) **Signature, Verification and Retention of Legal Paper**.

(1) The original legal paper shall be properly signed, and where required, verified.

(2) The electronic filing of a legal paper constitutes a certification by the filing party that the original document was signed, and where applicable, verified.

(3) Unless retained by the court, the filing party shall maintain the original of all documents so certified, together with any exhibits filed, for 5 years after the final disposition of the case.

(d) **Website and Filing Date**.

(1) The court shall designate a website for the electronic filing of legal paper. A user name and password shall be issued to authorized users.

(2) The court shall provide electronic filing access at all times. The time and date of the filing shall be that registered by the court's computer system.

(3) The court shall provide, through its website, an acknowledgement from the clerk that the filing has been processed. Such acknowledgement shall include the date and time of filing in a form which can be printed for retention by the filing party.

(e) **Delay in Filing**. A filing party shall be responsible for any delay, disruption, or interruption of electronic transmission, and for the legibility of the document electronically filed, except for delays caused by the failure of the court's website. The

filing party may petition the court to resolve any dispute concerning an alleged failure of the court's website.

     (f) **Fees**.

       (1)  A filing party shall pay the fee for electronically filing a legal paper as provided by the court.

       (2)  The court may assess an additional automation fee for each legal paper electronically filed which shall be used for the development, implementation, maintenance, and training in the use of the court's electronic filing system and other related uses.

**Note:**  Rule 4.7 is substantively identical to former Rule 3.7, but has been relocated to Chapter IV of these Rules.

**Explanatory Comment:**  This Rule is designed as a general enabling mechanism by which local judicial districts can, if they so choose, implement electronic filing.  Implementation procedures not inconsistent with this Rule will be determined by local rules of court.

Those jurisdictions which require e-filing must also provide the necessary technical assistance to those parties who lack the capacity to electronically file legal paper.

Nothing in this Rule is intended to change the procedural requirements of Orphans' Court practice, as embodied in the statutes and rules of court.  Rather, this Rule is intended to facilitate the delivery of legal paper to the court and the parties, as well as to reduce record management burdens in the office of the clerk.  The terms "electronic filing," "filing party," and "legal paper" are defined in Rule 1.3.

The court may, from time to time, modify the approved electronic filing system to take into consideration the costs and security of the system and the maintenance of electronic data and images.

## CHAPTER V.  RULES GOVERNING SPECIFIC TYPES OF PETITIONS
### Rule 5.1.  Declaratory Judgment

(a)  **Commencement of Action.**  An action for declaratory judgment shall be commenced by petition and citation directed to the interested parties.

(b)  **Contents of Petition.**  In addition to the requirements provided by the Rules in Chapter III, the petition shall contain sufficient averments to entitle petitioner to the declaratory relief requested under the Pennsylvania Declaratory Judgments Act, 42 Pa. C.S. § 7531 *et seq.*, including:

(1) a concise statement of the facts relied upon to justify a declaratory judgment proceeding;

(2)  the question of law, if any, with respect to which declaratory relief is requested;

(3)  identity of all interested parties; and

(4)  a prayer for the relief desired.

(c)  **Exhibits.**  A copy of the will, trust, other governing instrument, or any other document to be construed shall be attached to the petition as an exhibit.

**Note:**  Rule 5.1 has no counterpart in former Orphans' Court Rules, but is based upon Philadelphia Local Rule 1.2.P.

### Rule 5.2.  Family Exemption

(a)  **Contents of Petition.**  In addition to the requirements provided by the Rules in Chapter III, a petition for a family exemption shall set forth the following:

(1)  facts establishing a *prima facie* right of the petitioner to the exemption;

(2)  whether allowance of the claim is being requested prior to the confirmation or audit of the Account;

(3)  a description of the property claimed; and

(4)  if the exemption is claimed from real estate and a valuation has not been agreed upon by all interested parties, the nomination of two appraisers for appointment by the court to appraise the same.

(b) **Exhibits.** A copy of the qualifications and credentials of the two appraisers nominated in the petition for appointment by the court shall be attached to the petition as exhibits.

(c) **Award by Consent.** The court may, at the request of the petitioner, award in distribution specific real estate included in the Account in satisfaction of, or on account of, the family exemption without compliance with the procedure outlined in subparagraphs (a) and (b) of this Rule if all interested parties agree in writing that the petitioner is entitled to the family exemption and to the valuation at which such real estate is to be awarded.

**Note:** Rule 5.2 is based upon former Rule 12.1.

## Rule 5.3. Intestate Share to Surviving Spouse from Real Estate

(a) **Contents of Petition.** When no Account is filed and all or part of the spouse's intestate share under 20 Pa.C.S. § 2102 is claimed from real estate, the claim shall be presented by petition, which shall conform to the requirements provided by the Rules in Chapter III, and shall set forth the following:

(1) facts establishing a *prima facie* right of the spouse to the statutory intestate share;

(2) a description of the property claimed; and

(3) if the exemption is claimed from real estate and a valuation has not been agreed upon by all interested parties, the nomination of two appraisers for appointment by the court to appraise the same.

(b) **Exhibits.** A copy of the qualifications and credentials of the two appraisers nominated in the petition for appointment by the court shall be attached to the petition as exhibits.

(c) **Award by Consent.** The court may, at the request of the surviving spouse, award specific real estate in satisfaction of, or on account of, the spouse's statutory intestate share without compliance with the procedure outlined in subparagraphs (a) and (b) of this Rule if all interested parties agree in writing that the surviving spouse is entitled to the statutory share and to the valuation at which such real estate is to be awarded.

**Note:** Rule 5.3 is based upon former Rule 12.2.

**Explanatory Comment:** Deletion of specific reference to the former statutory allowance of $10,000.00 increased to $30,000.00 allows greater flexibility. The Rule would not need to be amended in the future if the statutory amount should be further increased. With the broader language employed there is no longer any need to refer to the specific statutory

provisions. As amended, the Rule recognizes the present practice of making the award of real estate in satisfaction of the spouse's allowance a part of the distribution decree when a court accounting is filed. While this Rule will be employed only in a minimum of instances for the foregoing reason and also because of the availability of § 3546 of Title 20, it, nevertheless, is considered advisable to preserve it in its altered form as a guide when it is to be employed.

**Rule 5.4. Revocation, Vacating or Extension of Time for Filing of Surviving Spouse's Election**

(a) **Contents of Petition.** In addition to the requirements provided by the Rules in Chapter III, a petition to revoke or vacate an election of a surviving spouse to take against the will and other conveyances of the decedent shall set forth the following:

(1) the date of the decedent's death, whether a will has been probated and, if so, a reference to the place and date of probate;

(2) the name and capacity of the fiduciary of the decedent's estate, if any, and a reference to the record of his appointment;

(3) the name, address and relationship, if known, of the other interested parties and the nature and the extent of each of their interests;

(4) the names of the interested parties who have consented to the revocation or vacating of the election and the names of those who have not consented;

(5) a description and valuation of the decedent's real and personal property affected by the election;

(6) the date and manner of executing the election desired to be revoked or vacated and whether the same has been recorded, registered or filed, and if so, the date and place thereof;

(7) whether the surviving spouse has made or executed and delivered at any place an election contrary to that desired to be revoked or vacated, and whether that election has been recorded, registered or filed, and if so, the date and place thereof;

(8) the facts relied upon to justify the revocation or vacating of the election; and

(9) a request for a citation upon the interested parties who have not joined in the petition or who have not consented thereto to show cause why the election should not be revoked or vacated.

(b) A petition for the extension of the time in which the surviving spouse may file an election to take against the will and other conveyances shall be filed prior to the

45

expiration of six months as provided in 20 Pa.C.S. § 2210 with the clerk of the county where decedent's will was probated.

(c)  Notice of the filing of any petition under this Rule shall be provided to the personal representative of decedent's estate in accordance with Rule 3.5(b)(1).

**Note:**  Rule 5.4 is based upon former Rule 12.3.

## Rule 5.5.  Appointment of a Guardian *ad litem* or a Trustee *ad litem*

(a)  On petition of the accountant or any interested party, or upon its own motion, the court may appoint one or both of the following if the court considers that the interests of the non-*sui juris* individuals are not adequately represented:

(1)  a guardian *ad litem* to represent a minor or a person believed to be incapacitated under the provisions of Chapter 55 of Title 20, but for whom no guardian of the estate is known to have been appointed by a Pennsylvania court or by the court of any other jurisdiction; and

(2)  a trustee *ad litem* to represent an absentee, a presumed decedent, or unborn or unascertained persons not already represented by a fiduciary.

(b)  The same person may be appointed as guardian *ad litem* and trustee *ad litem* and may be appointed for more than one non-*sui juris* individual when the interests to be represented are not conflicting.

(c)  **Contents of Petition.**  The request for the appointment of guardian *ad litem* and trustee *ad litem* may be made in one petition.  In addition to the requirements provided by the Rules in Chapter III, the petition shall set forth the following:

(1)  the name, age and address of the minor or person believed to be incapacitated under the provisions of Chapter 55 of Title 20, but for whom no guardian of the estate is known to have been appointed;

(2)  the relationship, if any, of such non-*sui juris* individual to any interested party and to the decedent or settlor;

(3)  the interest of such non-*sui juris* individual in the property or in the matter at issue;

(4)  the provisions of any instrument creating such interests;

(5)  the necessity for such interests to be represented by a guardian *ad litem* or a trustee *ad litem*; and

(6)  the proceeding in which such non-*sui juris* individual is to be represented.

(d)  A decree appointing a guardian *ad litem* or trustee *ad litem* shall specify the period or proceeding during which the guardian *ad litem* or trustee *ad litem* shall act as such.

**Note:**  Rule 5.5 is based upon former Rule 12.4, with some modifications to provide for a person believed to be incapacitated under the provisions of Chapter 55 of Title 20, but not yet adjudicated as such or for whom no guardian is known to have been appointed.

**Rule 5.6.  Appointment of a Guardian for the Estate or Person of a Minor**

(a)  **Contents of Petition.**  Separate petitions for each minor must be filed requesting the appointment of a guardian of the estate or person of each such minor.  In addition to the requirements provided by the Rules in Chapter III, the petition shall set forth the following:

(1)  the name, address and relationship of the petitioner to the minor;

(2)  the name, address and age of the minor;

(3)  the names and addresses of his or her parents, if living, and whether the minor's parents consent to the petition if the petition is not being filed by the minor's parents;

(4)  the need for the appointment of a guardian;

(5)  if the petition is filed due to the death of the minor's parent or legal guardian, or if the minor is to receive property under a will, deed or other written instrument conveying property whether the petitioner knows if the parent, legal guardian or decedent appointed a guardian for the minor in his or her will, deed or any other written instrument, and if so, the name of such proposed guardian;

(6)  that the minor has no guardian presently appointed or that a guardian already appointed has died or has been discharged or removed by the court, together with the date of such death, discharge or removal and a reference to the court order discharging or removing the previously appointed guardian;

(7)  the name, address and age of the proposed guardian and his or her relationship to the minor, if any;

(8)  the nature of any interest of the proposed guardian adverse to that of the minor including, *inter alia*, a reference to any estate in which the minor is interested and in which the proposed guardian is a fiduciary or surety or employee of a fiduciary or surety therein;

(9)  if the minor is fourteen years of age or older, the preference of the minor, if any, as to who should be appointed as guardian;

(10)  if the petition is for the appointment of a guardian of the person, the religious persuasion of the minor's parents and the religious persuasion of the proposed guardian;

(11)  if the petition is for the appointment of a guardian of the estate of the minor, an itemization of the assets of such estate, their location, approximate value and income, if any;

(12)  if the minor is entitled to receive any property as a party to any court action or proceeding, a reference to the court record and the amount of the property to which the minor is entitled; and

(13)  that notice has been given to the United States Veterans' Administration or its successor, if the minor is the child of a veteran and insurance or other gratuity is payable to him or her by the United States Veterans' Administration, or its successor.

(b)  **Exhibits.**  The following shall be attached to the petition:

(1)  the proposed guardian's written consent to the appointment;

(2)  the written consents of the minor's parents to the petition if they are not the petitioners and if they consent to the petition; and

(3)  a copy of decedent's will, deed, or other written instrument referenced in subparagraph (a)(5) of this Rule that appoints a guardian.

(c)  If the minor is fourteen years of age or older, the minor shall appear in court at the time of the hearing, if any.

**Note:**  Rule 5.6 is derived from former Rule 12.5.

**Explanatory Comment:**  In a change from former Rule 12.5, Rule 5.6 requires separate petitions for each minor even if the same person is proposed as the guardian of the estates or persons of several minors. Separate Accounts must be filed for the estate of each minor.  *See* Rule 2.3.  Additionally, petitioner must attach a copy of any known written instrument that appoints a guardian to receive property or proceeds on behalf of a minor.  *See* 20 Pa.C.S. § 5115.  As used in (a)(5) and (a)(12) of this Rule, "property" includes cash and cash proceeds.

## Rule 5.7.  Appointment of a Trustee

(a)  **Contents of Petition.**  A petition for the appointment of a trustee may be filed by a resigning trustee, the current trustee or any trust beneficiary and shall conform to the requirements provided by the Rules in Chapter III and set forth the following:

(1)  the situs of the trust and if any court previously has exercised jurisdiction over the trust;

(2)  the provisions of the instrument creating the trust;

(3)  the general character, location, and value of the trust property;

(4)  the reasons why any individual or corporation named in the trust instrument as trustee or successor trustee is unable or unwilling to serve;

(5)  the names, addresses and relationships of all interested parties and whether those who have not joined in or consented to the petition have been given notice of the filing of the petition, or the reason for failing to give any interested party notice;

(6)  the name and address of the proposed trustee and his or her relationship, if any, to any interested party; and

(7)  whether the proposed trustee has any interest in the trust.

(b)  **Exhibits.**  The following shall be attached to the petition:

(1)  a copy of the trust instrument;

(2)  the proposed trustee's written consent to the appointment;

(3)  the signed written consents of all interested parties who have not signed or joined in the petition, but who consent to the appointment of the proposed trustee; and

(4)  if issued, the consent or letter of acquiescence from the Office of the Attorney General if required under 20 Pa.C.S. § 7764(d)(2).

**Note:**  Rule 5.7 is based upon former Rule 12.6.

**Explanatory Comment:**  *See* 20 Pa.C.S. § 7764.

## Rule 5.8.  Discharge of Fiduciary and Surety

(a) **Account Previously Filed**. A petition for the discharge of a fiduciary and his or her surety, or of the surety alone, subsequent to an Account having been filed and confirmed, shall conform to the requirements provided by the Rules in Chapter III and set forth the following:

(1)  the nature of the fiduciary capacity;

(2) the date and a reference to the record of the fiduciary's appointment;

(3) the date of filing the fiduciary's Account and the date of the court's adjudication or order confirming the Account; and

(4) that the entire estate has been distributed to the creditors and parties entitled thereto and that no other property belonging to the estate has been received or remains to be accounted for by the fiduciary.

(b) **Account Annexed**. In lieu of filing and advertising an Account, a personal representative who is distributing an estate under the provisions of 20 Pa.C.S. § 3531, or the guardian of the estate of a minor who has attained majority and whose gross estate does not exceed the statutory limitation of an administration without appointment of a guardian, may annex an Account to the petition for discharge with the information required above, modified to indicate any previous distribution, and suggesting the proper distribution of any balance on hand.

**Note:** Rule 5.8 is based upon former Rule 12.7.

**Explanatory Comment:** Pursuant to Rule 2.9(b), an adjudication of an Account discharges the fiduciaries as to the transactions set forth in the adjudicated Account.

## Rule 5.9. Partition

In addition to the requirements provided by the Rules in Chapter III, a petition for partition shall set forth the following:

(a) the date of the decedent's death and whether he or she died testate or intestate, in whole or in part;

(b) a description, giving the size and location, of the property to be partitioned, the liens and charges to which it is subject and the rents due from tenants thereof, and that the property has not been partitioned or valued for partition;

(c) the name, address and relationship of those interested in the land to be partitioned, the extent of the interest of each of such persons, and, if such interest is created by a recorded deed or will, a reference to such record; and

(d) a request for a citation upon the interested parties who have not joined in or consented to the petition to appear and show cause why an inquest in partition should not be granted.

**Note:** Rule 5.9 is substantively identical to former Rule 12.8.

### Rule 5.10.  Public Sale of Real Property

(a)  In addition to the requirements provided by the Rules in Chapter III, a petition for the public sale of real property shall set forth the reason for filing the petition, a description, stating the size and location of the property to be sold, and the liens and charges to which it is subject.

(b)  Public notice of the sale shall be given as required by law and as may be further required by local rule or as the court may order in a particular matter.

**Note:**  Rule 5.10 is substantively identical to former Rule 12.9.

### Rule 5.11.  Private Sale of Real Property or Options Therefor

(a)  **Contents of Petition**.  In addition to the requirements provided by the Rules in Chapter III, a petition for the private sale or exchange of real property, or for the grant of an option for any such sale or exchange shall set forth the following:

(1)  the information required in a petition for the public sale of real property under Rule 5.10(a); and

(2)  the name and address of the proposed purchaser and the terms of the proposed sale, exchange or option, the consideration therefor, and that this consideration is more than can be obtained at public sale.

(b)  **Exhibits.**  The petition shall be supported by the affidavits of at least two competent persons setting forth that they have inspected the real property to be sold, exchanged or optioned, that they are not personally interested in the proposed sale, exchange or option, that they are acquainted with the value of real estate in the area, that in their opinion the proposed consideration is more than can be obtained at public sale, and in the case of an exchange, that they are acquainted with the value of real estate in the locality of the property to be received.

**Note:**  Rule 5.11 is substantively identical to former Rule 12.10.

### Rule 5.12.  Mortgage or Lease of Real Property

In addition to the requirements provided by the Rules in Chapter III, a petition to mortgage or lease real property shall set forth the following:

(a)  the information required in a petition for the public sale of real property under Rule 5.10(a), as far as practicable; and

(b)  the name of the proposed mortgagee or lessee and the terms of the proposed mortgage or lease.

**Note:**  Rule 5.12 is substantively identical to former Rule 12.11.

### Rule 5.13.  Inalienable Property

In addition to the requirements provided by the Rules in Chapter III, a petition under Chapter 83 of Title 20 shall set forth the facts required by 20 Pa.C.S. § 8301, as applicable, and the following:

(a)  the names of all interested parties who have not joined in or consented to the petition, and their addresses, if known; and

(b)  if the petition is for the public or private sale of real property subject to a life estate with remainder over and the real property is not held in trust, the petition shall request the appointment of a named trustee to make the sale and hold the proceeds in trust.

**Note:**  Rule 5.13 is substantively identical to former Rule 12.12.

### Rule 5.14.  Designation of a Successor Custodian

A petition for the designation of a successor custodian under the Pennsylvania Uniform Gifts to Minors Act shall conform to the requirements provided by the Rules in Chapter III and set forth as far as practicable the information required in a petition for the appointment of a guardian of the estate of a minor.

**Note:**  Rule 5.14 is substantively identical to former Rule 12.13.

### Rule 5.15.  Confirmation of Trustee Appointment

(a)  **Contents of Petition.**  Where an initial or successor trustee is appointed pursuant to a trust instrument or by the unanimous agreement of all qualified beneficiaries (as defined in 20 Pa.C.S. § 7703) pursuant to 20 Pa.C.S. § 7764, a petition for the court to confirm such appointment shall conform to the requirements provided by the Rules in Chapter III and shall set forth the following:

(1)  the reason for filing the petition; and

(2)  the pertinent provisions of the instrument creating the trust and providing for the appointment of the trustee.

(b)  **Exhibits.**  The following shall be attached to the petition:

(1)  a copy of the trust instrument duly certified by counsel to be a true and correct copy; and

(2)  the designated trustee's written consent to serve.

**Note:**  Rule 5.15 is substantively identical to former Rule 12.14.

**CHAPTER VI.   Reserved**

## CHAPTER VII.  RULES RELATING TO PRE-HEARING AND HEARING PROCEDURE

### Rule 7.1.  Depositions, Discovery, Production of Documents and Perpetuation of Testimony

The court, by local rule or order in a particular matter, may prescribe the practice relating to depositions, discovery, production of documents and perpetuation of testimony.  To the extent not provided for by local rule or an order governing  a particular matter, the practice relating to depositions, discovery, production of documents and perpetuation of testimony shall conform to the practice in the Trial or Civil Division of the local Court of Common Pleas.

**Note:**  Rule 7.1 is identical to former Rule 3.6.

### Rule 7.2.  Motion for Judgment on the Pleadings

After the relevant pleadings are closed, but within such time as not to unreasonably delay the hearing, any party may move for judgment on the pleadings. The court shall enter such judgment or order as shall be proper on the pleadings.

**Note:**  Rule 7.2 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1034.

**Explanatory Comment:**  The Official Note to Pa.R.C.P. No. 1034 is fully incorporated by reference herein, except that the court may, but is not required to, promulgate local rules governing the procedure for these motions.

### Rule 7.3.  Motion for Summary Judgment

(a)  After the relevant pleadings are closed, but within such time as not to unreasonably delay a hearing, any party may move for summary judgment in whole, or in part, as a matter of law in the manner set forth in Pa.R.C.P. Nos. 1035.1, 1035.2, and 1035.4.

(b)  The party against whom the motion for summary judgment is filed shall respond in accordance with Pa.R.C.P. Nos. 1035.3(a) – (b) and 1035.4.

(c)   The court shall rule upon the motion for summary judgment as provided in Pa.R.C.P. Nos. 1035.3(c) – (e) and 1035.5.

**Note:** Rule 7.3 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1035.1 *et seq.*

**Explanatory Comment:** The Notes, Official Note and Explanatory Comments to Pa.R.C.P. No. 1035.1 *et seq*. are incorporated by reference herein, except that the court may, but is not required to, promulgate local rules governing the procedure for these motions.

## Rule 7.4. Injunctions

Upon petition, the court may issue a preliminary, special, or permanent injunction in accordance with the rules and procedures provided in Pa.R.C.P. No. 1531.

**Note:** Rule 7.4 has no counterpart in former Orphans' Court Rules, but is derived from Pa.R.C.P. No. 1531.

**Explanatory Comment:** With the repeal of 20 Pa.C.S. § 772, the propriety of and procedure for obtaining an injunction in an Orphans' Court matter was uncertain. This Rule clarifies that an injunction may be requested and issued in this court. The procedure for requesting the issuance of an injunction shall conform to the practice set forth in Pa.R.C.P. No. 1531. The Notes and Explanatory Comments to Pa.R.C.P. No. 1531 are fully incorporated by reference herein.

[This is an entirely new chapter.]

## CHAPTER VIII.  RECONSIDERATION

### Rule 8.1.  Exceptions and Post-Trial Motions

Except as provided in Rule 8.2, no exceptions or post-trial motions may be filed to any order or decree of the court.

> **Explanatory Comment:**  The former exception practice is discontinued, and this Rule clarifies that post-trial motion practice applicable in the Civil Division of the Court of Common Pleas is not applicable in the Orphans' Court Division.

### Rule 8.2.  Motions for Reconsideration

(a) By motion, a party may request the court to reconsider any order that is final under Pa.R.A.P. 341(b) or 342, or interlocutory orders subject to immediate appeal under Pa.R.A.P. 311, so long as the order granting reconsideration is consistent with Pa.R.A.P. 1701(b)(3).

(b) Upon a motion to do so, a court may reconsider an interlocutory order at any time.

(c) Motions for reconsideration are not permitted to any order in involuntary termination or adoption matters under the Adoption Act, 23 Pa.C.S. § 2101 *et seq*.

> **Explanatory Comment:**   The period for filing an appeal is not tolled by the filing of a motion for reconsideration unless the court grants the motion for reconsideration prior to the expiration of the appeal period.  *See* Pa.R.A.P. 1701(b)(3).  Interlocutory orders may be reconsidered anytime during the pendency of the proceeding.  *See Key Automotive Equip. Specialists, Inc. v. Abernethy*, 636 A.2d 1126, 1128 (Pa. Super. 1994); 42 Pa.C.S. § 5505.

## CHAPTER IX.  AUDITORS AND MASTERS

### Rule 9.1.  Notice of Hearings

An auditor or master appointed pursuant to 20 Pa.C.S. § 751 shall give notice of scheduled hearings in such manner and to such parties as local rules shall prescribe.

**Note:**  Rule 9.1 is substantively identical to former Rule 8.1.

### Rule 9.2.  Filing of Report

An auditor or master shall file his or her report within 90 days after his or her appointment, unless the court extends the time upon request.

**Note:**  Rule 9.2 is based upon former Rule 8.2.

### Rule 9.3.  Form of Auditor's Report

An auditor's report shall include a statement of the questions involved, findings of fact, conclusions of law, and, if the Account is approved by the auditor, it shall also expressly confirm the Account and shall specify, or indicate by reference to the petition of adjudication/statement of proposed distribution, the names of the persons to whom the balance available for distribution is awarded and the amount or share awarded to each of such persons.

**Note:**  Rule 9.3 is identical to former Rule 8.3.

### Rule 9.4.  Form of Master's Report

A master's report shall state the number, times, dates and duration of the hearings held, the number, extent and causes of any delays or continuances, and the basis of the court's jurisdiction, and shall include a statement and discussion of the questions involved, findings of fact and conclusions of law, and specific recommendations.

**Note:**  Rule 9.4 is identical to former Rule 8.4.

### Rule 9.5.  Transcript of Testimony

The transcript of testimony taken before an auditor or master shall be filed with the report.

**Note:** Rule 9.5 is identical to former Rule 8.5.

## Rule 9.6.  Notice of Filing Report

An auditor or master shall give notice of the filing of the report or of the intention to file the report in such manner and to such parties as local rules shall prescribe.

**Note:** Rule 9.6 is identical to former Rule 8.6.

## Rule 9.7.  Confirmation of Report

(a)  The report of an auditor shall be confirmed in such manner as local rules shall prescribe.

(b)  The report of a master shall not be approved until a decree is entered adopting its recommendations.

**Note:** Rule 9.7 is identical to former Rule 8.7.

## Rule 9.8.  Security for Expenses and Fees

An auditor or master, the accountant, or any interested party may apply to the court at any time for leave to require security for the payment of the auditor's or master's expenses and fees, and, when such leave is granted, the auditor or master may decline to proceed until security is entered.

**Note:** Rule 9.8 is substantively identical to former Rule 8.8.

[This is an entirely new chapter.]

## CHAPTER X.  REGISTER OF WILLS

### Rule 10.1.  Forms

The forms approved by the Supreme Court for statewide practice before the Register as set forth in the Appendix shall be used.  No other forms shall be allowed or required by local rule or practice in such instances.

**Note:**  Rule 10.1 is new, but is derived from former Rule 10.1.

**Explanatory Comment:**  Rule 10.1 has been modified from former Rule 10.1 by now mandating the exclusive use of statewide forms promulgated by the Supreme Court.  *See* Rule 1.8.

### Rule 10.2.  Petition Practice

When a matter requires the Register to exercise discretion or decide an issue of fact or law, the pleading and practice shall conform as near as practical to the practice and procedure before the court as provided by Chapter III of these Rules and 20 Pa.C.S. § 906 (relating to caveats).  The Register may issue a citation if appropriate and may require a party to prepare the form of citation.  Service of citations issued by the Register shall be the responsibility of the party requesting the issuance of the citation.

**Note:**  Rule 10.2 is new.

### Rule 10.3.  Hearings

(a)  Evidentiary hearings before the Register shall be recorded by stenographic or electronic means when directed by the Register or requested by an interested party, the cost of which shall be allocated as directed by the Register.

(b)  The Register may issue subpoenas to compel attendance at evidentiary hearings as provided in 20 Pa.C.S. § 903(1).

(c)  The Pennsylvania Rules of Evidence shall apply in all evidentiary hearings before the Register.

(d)  The Register may require parties to submit memoranda and/or proposed findings of fact and conclusions of law.

(e)  The Register shall promptly decide the matter at issue by written order or decree.  The order or decree may, but need not, contain a brief opinion or recitation of relevant facts and legal conclusions as found by the Register.

**Note:**  Rule 10.3 is new.

**Explanatory Comment:** In any matter, the Register or the Register's designee may hold an informal conference to narrow or define the issues, consider the necessity or desirability of amendments to the pleadings, obtain admissions of fact and stipulations as to documents, or to otherwise aid in the disposition of the matter.

## Rule 10.4. Appeals from the Register of Wills

Appeals to the court from an order or decree of the Register shall be by petition and governed by Chapter III of these Rules and any applicable local rules.

**Note:** Rule 10.4 is new, but is derived from former Rule 10.2.

## Rule 10.5. Notice to Beneficiaries and Intestate Heirs

(a) Within three (3) months after the grant of letters, the personal representative to whom original letters have been granted or the personal representative's counsel shall send a written notice of estate administration in the form approved by the Supreme Court to:

(1) every person, corporation, association, entity or other party named in decedent's will as an outright beneficiary whether individually or as a class member;

(2) the decedent's spouse and children, whether or not they are named in, or have an interest under, the will;

(3) where there is an intestacy in whole or in part, to every person entitled to inherit as an intestate heir under Chapter 21 of Title 20;

(4) the appointed guardian of the estate, parent or legal custodian of any beneficiary who is a minor;

(5) the appointed guardian of the estate or, in the absence of such appointment, the institution or person with custody of any beneficiary who is an adjudicated incapacitated person;

(6) the Attorney General on behalf of any charitable beneficiary (i) which is a residuary beneficiary, including as a beneficiary of a residuary testamentary trust; (ii) whose legacy exceeds $25,000; or (iii) whose interest in a legacy will not be paid in full;

(7) the Attorney General on behalf of any governmental beneficiary;

(8) the trustee of any trust which is a beneficiary; and

(9) such other persons and in such manner as may be required by local rule.

61

(b)  A "beneficiary" shall be deemed to include any person who may have an interest by virtue of the Pennsylvania anti-lapse statute, 20 Pa.C.S. §  2514.

(c)  Notice shall be given by personal service or by first-class, prepaid mail to each person and entity entitled to notice under subparagraph (a)(1) – (9) whose address is known or reasonably available to the personal representative.

(d)  Within ten (10) days after giving the notice required by paragraph (a) of this Rule, the personal representative or the personal representative's counsel shall file with the Register a certification that notice has been given as required by this Rule.

(e)  Upon the failure of the personal representative or the personal representative's counsel to file the certification on a timely basis, the Register shall, after ten (10) days subsequent to providing written notice to the delinquent personal representative and his counsel, notify the court of such delinquency.

(f)  This Rule shall not alter or diminish existing rights or confer new rights.

(g)  The Register shall deliver a copy of Rule 10.5 and the forms of notice and certification approved by the Supreme Court to each personal representative not represented by counsel at the time letters are granted.

**Note:**  Rule 10.5 is substantively identical to former Rule 5.6, except that subparagraph (d) of this Rule no longer prohibits the Register from charging a fee for filing this certification.  The form of notice and certification of notice required by Rule 10.5 is set forth in the Appendix. Subparagraph (e) of this Rule is not intended to limit the inherent power of the court to impose sanctions upon a delinquent personal representative or counsel.

**Explanatory Comment**:  It is not the intention of this Rule to require notice beyond the degree of consanguinity entitling a person to inherit under Chapter 21 of Title 20.

## Rule 10.6.  Status Report by Personal Representative

(a)  **Report of Uncompleted Administration**. If administration of an estate has not been completed within two years of the decedent's death, the personal representative or counsel shall file at such time, and annually thereafter until the administration is completed, a report with the Register showing the date by which the personal representative or his, her, or its counsel reasonably believes administration will be completed.

(b)  **Report of Completed Administration**. Upon completion of the administration of an estate, the personal representative or his, her or its counsel shall file with the Register a report showing:

(1) completion of administration of the estate;

(2) whether a formal Account was filed with the Orphans' Court;

(3) whether a complete Account was informally stated to all parties in interest;

(4) whether final distribution has been completed; and

(5) whether approvals of the Account, receipts, joinders and releases have been filed with the clerk.

(c) **Form of Status Report**. The report required by this Rule shall be in the form approved by the Supreme Court.

(d) **Copy of Rule**. Upon the grant of letters, the Register shall give a copy of Rule 10.6 to each personal representative not represented by counsel.

(e) **Failure to File a Status Report**. After at least ten (10) days subsequent to providing written notice to a delinquent personal representative and counsel, the Register shall inform the court of the failure to file the report required by this Rule with a request that the court conduct a hearing to determine what sanctions, if any, should be imposed.

**Note:** Rule 10.6 is based upon former Rule 6.12, except that this Rule no longer includes former subparagraph (d) that prohibited the Register from charging a fee for filing the status report. The form of status report required by Rule 10.6 is set forth in the Appendix.

**CHAPTER XI.  Reserved.**

**CHAPTER XII.  Reserved.**

**CHAPTER XIII.  Reserved.**

**[RULE 14] <u>CHAPTER XIV</u>.  GUARDIANSHIP<u>S</u> OF INCAPACITATED PERSONS**

**Rule 14.1.  [Local Rules.] <u>Rescinded</u>**

**[The practice and procedure with respect to incapacitated persons'
shall be as prescribed by local rules which shall not be inconsistent
with Rules 14.2-14.5.]**

**<u>Note:  See Rule 1.5.</u>**

**Rule 14.2.  Adjudication of [i]<u>I</u>ncapacity and [a]<u>A</u>ppointment of a [g]<u>G</u>uardian of
the [p]<u>P</u>erson and/or [e]<u>E</u>state of an [i]<u>I</u>ncapacitated [p]<u>P</u>erson[.]**

A petition to adjudicate **[incapacity] <u>an individual as an incapacitated person</u>**
shall meet all requirements set forth at 20 Pa.C.S. § 5511.  A citation and notice in the
form approved by the Supreme Court shall be attached to and served with a petition.
The procedure for determining incapacity and for appointment of a guardian shall meet
all requirements set forth at 20 Pa.C.S. §§ 5512 and 5512.1.

**[Committee Comment – 2006**

**The form of citation and notice formerly found in the body of Rule
14.5 have been moved to the Appendix.]**

**<u>Explanatory Comment:  See Rule 14.5(a) for form of citation and
notice.</u>**

**Rule 14.3.  Review Hearing[.]**

A petition for a review hearing shall set forth:

**[(1)] <u>(a)</u>**  the date of the adjudication of incapacity;

**[(2)] <u>(b)</u>**  the name and address of the guardian;

**[(3)] <u>(c)</u>**  if the incapacitated person has been a patient in a mental health facility,
the name of such facility, the date of admission, and the date of discharge;

**[4)] <u>(d)</u>**  the present address of the incapacitated person, and the name of the
person with whom the incapacitated person is living;

**[(5)] <u>(e)</u>**  the names and addresses of the presumptive adult heirs of the
incapacitated person; and

**[(6)] (f)** an averment that:

**[(i)] (1)** there has been significant change in the **incapacitated** person's capacity;

**[(ii)] (2)** there has been a change in the need for guardianship services; or

**[(iii)] (3)** the guardian has failed to perform duties in accordance with the law or act in the best interest of the incapacitated person.

**[Official Note:  See 20 Pa.C.S. § 5512.2.]**

**Explanatory Comment:**  For the court's disposition of a petition for a review hearing and evidentiary burden of proof, see 20 Pa.C.S. § 5512.2.

**Rule 14.4.  Proceedings Relating to Real Estate[.]**

A petition for the public or private sale, exchange, lease, or mortgage of real estate of an incapacitated person or the grant of an option for the sale, exchange or lease of the same shall conform as far as practicable to the requirements of these **[r]R**ules for personal representatives, trustees and guardians of minors in a transaction of similar type.

**Rule 14.5 Forms [of Citation and Notice.]**

The **following forms located in the Appendix shall be used exclusively:** **[citation and notice to be attached to and served with a petition for adjudication of incapacity and the appointment of a guardian shall be in the form approved by the Supreme Court.]**

**(a) Important Notice – Citation with Notice;**

**(b) Annual Report of Guardian of the Estate;**

**(c) Annual Report of Guardian of the Person; and**

**(d) Guardian's Inventory.**

**Explanatory Comment:  In accordance with Rule 1.8, these forms must be used exclusively and cannot be replaced or supplanted by a local form.**

**[Committee Comment – 2006**

**The form of citation and notice formerly found in the body of Rule 14.5 have been moved to the Appendix.]**

**[RULE 15] <u>CHAPTER XV.</u>  ADOPTIONS**

\*\*\*

**[RULE 16] CHAPTER XVI.  PROCEEDINGS PURSUANT TO SECTION 3206 OF THE ABORTION CONTROL ACT**

**[Official]Note:**  The right of a minor to petition the court for consent under Section 3206(c), 18 Pa.C.S. §  3206(c), shall be carried forth pursuant to the following procedures:

**Rule 16.1.  Definitions[.]; Scope[.]**

(a)  As used in **this** Rule **[16]**, **the following words shall have the following meaning:**

**[“act” means] ‘‘Act’’ -** the Act of June 11, 1982, P. L. 476, No. 138, as amended, 18 Pa.C.S. **[Section] §** 3201 et. seq., known as the Abortion Control Act**[.];**

**[“applicant” means] ‘‘Applicant’’ -**  a pregnant woman: (i) who is less than eighteen years of age and not emancipated or (ii) a person acting on behalf of a pregnant woman who has been adjudged an incapacitated person pursuant to Chapter 55 of **[the Probate, Estates and Fiduciaries Code, 20 Pa.CS. Section 5501, et seq.] Title 20 (relating to incapacitated persons)**;

**[“application” includes] ‘‘Application’’ - a legal paper, including** a motion or petition;

**[“court” means] ‘‘Court’’ -** the Orphans’ Court Division of the Court of Common Pleas, except in proceedings brought: (a) in Philadelphia in which the applicant is a minor in which case the term ‘‘court’’ means the Family Court Division; (b) in Allegheny County where said proceedings shall be heard in the Juvenile Court Section of the Family Court Division;

**[Official] Note:**  See Rule of Judicial Administration 2157 governing distribution of business within courts of common pleas.

**[“proceeding” means] ‘‘Proceeding’’ -**  a proceeding pursuant to Section 3206(c) of the Act, 18 Pa.C.S. § 3206(c).

**[Official] Note:**  Section 3206(c) of the Abortion Control Act relates to proceedings seeking authorization for a physician to perform an abortion.

(b)  The procedure set forth in **[Rule] Chapter 16** shall govern proceedings pursuant to Section 3206(c) of the Act, 18 Pa.C.S. § 3206(c).

**[Official] Note:** These rules implement Section 3206 of the Abortion Control Act and work with that section to provide a full procedure. Procedures which are set forth in that section rather than the rules include the following:

1. Participation in the proceeding and representation by an attorney, Section 3206(e). The court shall be responsible for adopting a procedure to assure that the court advises the pregnant woman of her right to counsel and that counsel is appointed upon her request;

2. Conduct of the hearing, including the exclusion of persons, evidence to be heard and notices to be given the applicant, Section 3206(f)(3) and (4) and Section 3206(h); and

3. Specific factual findings and legal conclusions by the court in writing, Section 3206(f)(1).

Section 3206 of the Act provides for an "expedited appeal." *See* Rule 3801 *et seq*. of the Rules of Appellate Procedure, which provide a complete procedure governing the appeal.

Pa.R.A.P. 3804 requires that the court reporter, without charge to the applicant, transcribe the notes of testimony and deliver them to the clerk of the court by 5:00 o'clock p.m. of the business day following receipt of the notice of appeal to the Superior Court.

## Rule 16.2. Confidentiality[.]

(a) The proceeding shall be confidential.

**[Official] Note:** *See* [subdivision] <u>subparagraph</u> (b) of this rule governing the sealing of the record. *See* Rule 16.6 for provisions governing docketing. *See* Section 3206(f)(3) of the Act for the exclusion of persons from the hearing.

(b) The record, including the application, pleadings, submissions, transcripts, exhibits, orders, evidence, findings and conclusions and any other written material to be maintained, shall be sealed.

(c) The identity of the applicant shall not be disclosed in any decision of the proceeding.

## Rule 16.3. Precedence of Proceeding[.]

The proceeding shall be given such precedence over other pending matters as will ensure that the court renders a decision within three business days of the date of the filing of the application.

**Rule 16.4.  Commencement[.]; Venue[.]; No Filing Fees[.]**

(a)  The proceeding shall be commenced by filing an application in the appropriate division of the court of common pleas of the county in which the applicant resides or in which the abortion is sought.

(b)  No filing fees or court costs shall be required of the applicant.

**Rule 16.5.  Application[.]; Contents[.]; Form of Verification[.]; Assistance in Preparation[.]**

(a)  The application shall set forth the following:

(1)  the initials of the applicant;

(2)  the age of the applicant;

(3)  the names and addresses of each parent, guardian or, if the petitioner is a minor whose parents are deceased and no guardian has been appointed, any other person standing *in loco parentis* to the applicant;

(4)  a statement that the applicant has been fully informed of the risks and consequences of the abortion;

(5)  a statement whether the applicant is of sound mind and has sufficient intellectual capacity to consent to the abortion;

(6)  a prayer for relief asking the court to enter an order authorizing a physician to perform an abortion upon applicant;

(7)  an unsworn verification stating that the information therein is true and correct and that the applicant is aware that any false statements made in the application are subject to the penalties of 18 Pa.C.S. §  4904 relating to unsworn falsification to authorities; and

(8)  the signature of the applicant, which may consist of the applicant's initials.

(b)  Where necessary to serve the interest of justice, the court shall refer the applicant to the appropriate personnel for assistance in preparing the application.

**[*Committee Comment—2006***

The form of unsworn verification previously found in subdivision (b) has been deleted. This unsworn verification required by subdivision (a)(7) is the standard form of verification made subject to the penalties of Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904.

Forms formerly found in rule 16.11 and 16.12 for applications and separate unsworn verifications by minors have been moved to the Appendix.]

**Rule 16.6. Dockets[.]; Document Maintenance[.]**

(a) Each court shall maintain a sealed docket which is not open to public inspection.

(b) The proceeding shall be docketed by case number only.

(c) The name or initials of the applicant shall not be entered on any docket which is subject to public inspection.

(d) Documents pertaining to the proceeding shall be maintained in a closed file which shall be marked "confidential" and identified by the case number only.

**Rule 16.7. Reserved[.]**

**Rule 16.8. Reserved[.]**

**Rule 16.9. Reserved[.]**

**Rule 16.10. Form; Generally[.]**

The form of application by a minor and form of separate unsworn verification shall be prepared and filed in substantial conformity with the forms approved by the Supreme Court.

**[Explanatory] Note:** Additional averments will be required for an application filed on behalf of a person who has been adjudged an incapacitated person pursuant to Chapter 55 of **[the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. Section 5501, et seq.]** Title 20 (relating to incapacitated persons).

**[*Committee Comment—2006***

Forms formerly found in Rules 16.11 and 16.12 for applications and verifications by minors have been moved to the Appendix.]

**Rule 16.11.  Reserved[.]**

[*Committee Comment—2006*

The form formerly found in Rule 16.11 for application by a minor has been moved to the Appendix.]

**Rule 16.12.  [Repealed.] Reserved**

[*Committee Comment—2006*

The form formerly found in Rule 16.12 for unsworn verification by  a minor has been moved to the Appendix.]

**APPENDIX OF FORMS**

\*\*\*